293 So.2d 87 (1974)
Mortimer FRIED, Appellant,
v.
Edward W. EASTON, Appellee.
No. 73-1326.
District Court of Appeal of Florida, Third District.
April 16, 1974.
Ray A. Munson, Miami, for appellant.
Salley, Barns, Pajon & Primm, Miami, for appellee.
Before CARROLL, HENDRY and HAVERFIELD, JJ.
PER CURIAM.
Defendant-appellant seeks review of the trial court's order dismissing his amended counterclaim with prejudice.
Plaintiff filed a suit against the defendant based upon a written guaranty agreement for contribution by the defendant of his prorata share of payments made by the plaintiff as co-guarantor with the defendant *88 and others on notes executed by E.W.E. Industries, Inc. In response thereto defendant filed an answer and a counterclaim. Thereafter plaintiff filed a motion to dismiss the counterclaim on the grounds that the right of action on which the counterclaim was founded was vested in a nonparty to the suit, to wit: E.W.E. Industries, Inc., and not in the defendant. The motion to dismiss was granted and thereafter appellant filed an amended counterclaim wherein he alleged that he was a shareholder in E.W.E. Industries, Inc. and that plaintiff-counterdefendant, the president and chief executive officer thereof, had disregarded the interest of the corporation and the stockholders in violation of his fiduciary duties and intended to convert certain assets of the corporation to his own use and benefit. In support thereof, the counterclaim listed specific acts of maladministration on the part of plaintiff. Again, plaintiff filed a motion to dismiss the counterclaim which was granted with prejudice. Defendant-counterclaimant appeals therefrom.
A stockholder may bring a suit in his own right to redress an injury sustained directly by him, and which is separate and distinct from that sustained by other stockholders; however, if injury is primarily against corporations, or stockholders generally, then the cause of action is in the corporation and the individual's right to bring it is derived from the corporation. Citizens National Bank of St. Petersburg v. Peters, Fla.App. 1965, 175 So.2d 54.
After a careful reading of the counterclaim, we find that the counterclaimant alleges therein no injury directly sustained by him, but rather only injuries inflicted upon the corporation. Thus, we conclude that the trial judge was correct in dismissing the counterclaim with prejudice as countercomplainant alleged no personal right of action therein.
Accordingly, the order herein appealed is affirmed.