324 So.2d 128 (1975)
Henry DUBBIN and Dorothy Dubbin, Appellants,
v.
TOUCHE ROSS & CO., a Florida Partnership, and Touche Ross & Co., a New York Partnership, Appellees.
Daniel DUBBIN and Gladys Dubbin, Appellants,
v.
TOUCHE ROSS & CO., a Florida Partnership, and Touche Ross & Co., a New York Partnership, Appellees.
Nos. 75-416, 75-417.
District Court of Appeal of Florida, Third District.
December 16, 1975.
Rehearing Denied January 22, 1976.
Stephens, Magill, Thornton & Sevier and Paul E. Gifford, Miami, for appellants.
Walton, Lantaff, Schroeder, Carson & Wahl, Miami, for appellees.
Before BARKDULL, C.J., and PEARSON and HENDRY, JJ.
PER CURIAM.
These two appeals have been consolidated for all appellate purposes. In each case, the appeal is from a dismissal of the complaint with prejudice. The only difference between the two complaints is the amount of damages sought by the individual plaintiffs.
The plaintiffs filed their complaints charging the defendants, an accounting firm, with malpractice and breach of a contract for services to a public corporation known as Canaveral International Corporation. The plaintiffs recognize the rule as stated in Fried v. Easton, Fla.App. 1974, 293 So.2d 87, to wit:
* * * * * *
"A stockholder may bring a suit in his own right to redress an injury sustained directly by him, and which is separate and distinct from that sustained by other stockholders; however, if injury is primarily against corporations, or stockholders generally, then the cause of action is in the corporation and the individual's right to bring it is derived from the corporation. Citizens National Bank of St. Petersburg v. Peters, Fla.App. 1965, 175 So.2d 54."
* * * * * *
The plaintiffs claimed that they suffered direct or individual damage and that they *129 were third party beneficiaries to the contract for services between the corporation and the defendants. The trial court held that the above-quoted rule controlled and, therefore, dismissed the complaints. The plaintiffs urge that the fact that they sought to have their stock registered with the Securities and Exchange Commission so that its value would be enhanced, and the fact that it was necessary for them to make their application for registration as an adjunct to the corporation's application to register stock, made them parties to, or third party beneficiaries of, the contract between the corporation and the public accounting firm. The trial court correctly determined that the facts pleaded did not create an exception to the rule. The injury, if any, was primarily to the corporation. See James Talcott, Inc. v. McDowell, Fla.App. 1962, 148 So.2d 36. Cf. Grandin Industries, Inc., v. Florida National Bank of Orlando, Fla.App. 1972, 267 So.2d 26. See also Cullum v. General Motors Acceptance Corporation, Tex.Civ.App. 1938, 115 S.W.2d 1196.
Affirmed.