349 So.2d 745 (1977)
George V.R. MULLIGAN and Harold P. Koenig, Appellants,
v.
David WALLACE et al., Appellees.
No. 76-988.
District Court of Appeal of Florida, Third District.
August 30, 1977.
Rehearing Denied September 23, 1977.
*746 Nicholson, Howard, Brawner & Lovett and Harry K. Bender, Miami, for appellants.
Richard R. Booth, Miami, Burns, Jackson, Miller, Summit & Jacoby, New York City, for appellees Auerbach, Davidson, Morris, Bartram and Goodall.
Bradford, Williams, McKay, Kimbrell, Hamann & Jennings, and Reginald L. Williams, Miami, Sullivan & Cromwell, New York City, for appellees Haskins and Sells.
Before PEARSON, BARKDULL and Hubbart, JJ.
PER CURIAM.
George V.R. Mulligan and Harold P. Koenig, plaintiffs in the trial court, appeal from that portion of a final judgment which was designated as an order on the pleadings, dismissing with prejudice Counts I and III of their amended complaint.
Harold P. Koenig, formerly president, a director, chief executive officer, and a stockholder of Ecological Science Corporation, and George Mulligan, formerly a director and some-time consultant to Ecological, filed their four-count complaint against Haskins & Sells following an intracorporate battle for management of Ecological. In Count I of the amended complaint, the plaintiffs (allegedly as third-party beneficiaries of the contract for accounting services between Ecological and Haskins & Sells, a certified public accounting firm) sued Haskins & Sells and its individual members for breach of the said contract. Count II sued Haskins & Sells and its individual members for the negligent performance of accounting services. Counts III and IV were alleged against all defendants. Besides the aforementioned parties, the other defendants included Norman J. Davidson, McChesney Goodall, Mark Auerbach, Grinnell Morris, Hugo Mieth, and Renselaer Bartram. Ecological was not a named party to this litigation. Count III sued all defendants for conspiracy to force resignation and interference with employment contracts. Count IV alleged that all defendants participated in a conspiracy to defame by slander and libel. The plaintiffs appeal from dismissal with prejudice of Counts I and III.
The appellants contend the trial court erred in dismissing Count I of the amended complaint with prejudice, because officers, directors, and stockholders of a corporation, indicted as a result of a breach of contract by accountants to perform accounting services for said corporation, have standing as third party beneficiaries of said contract to sue said accountants. The intent of the parties is paramount in determining questions of liability to third party beneficiaries. The appellants contend the contract in question surely was intended to benefit the officers, directors, and stockholders of Ecological, and that mistake in a Form 10K with the Securities & Exchange Commission by Haskins & Sells led the plaintiffs to an indictment and damages. The appellants further contend the trial court erred in dismissing Count III with prejudice, because the plaintiffs, as corporate officers and directors, may recover damages against third parties for interference with their employment contracts with their corporate employer or for precipitating events leading to their resignations even though the corporate employer, Ecological, did not discharge them.
We affirm. An accountant is liable to his client (Ecological Science Corporation) only for breach of contract to provide auditing services. Officers, directors, or stockholders of the client, and others not in privity with the accountant, lack standing *747 to maintain an action for breach of contract. Citizens National Bank of St. Petersburg v. Peters, 175 So.2d 54 (Fla.2d DCA 1965); Fried v. Easton, 293 So.2d 87 (Fla.3d DCA 1974); Dubbin v. Touche Ross & Co., 324 So.2d 128 (Fla.3d DCA 1975); Barzda v. Quality Courts Motel, Inc., 386 F.2d 417 (5th Cir.1967). In Dubbin v. Touche Ross & Co., supra, this court stated the following:
* * * * * *
"* * * The plaintiffs urge that the fact that they sought to have their stock registered with the Securities and Exchange. Commission so that its value would be enhanced, and the fact that it was necessary for them to make their application for registration as an adjunct to the corporation's application to register stock, made them parties to, or third party beneficiaries of, the contract between the corporation and the public accounting firm. The trial court correctly determined that the facts pleaded did not create an exception to the rule. The injury, if any, was primarily to the corporation. * * * "
* * * * * *
Plaintiffs' resignations from their positions with Ecological bar their action for tortious interference with employment contracts. Chipley v. Atkinson, 23 Fla. 206, 1 So. 934 (1887); Anno. 84 A.L.R. 57; Anno. 26 A.L.R.2d 1227, 1249. In Chipley v. Atkinson, supra, the Supreme Court of Florida succinctly set forth the necessity that an employee be discharged by his employer in order to have a cause of action for tortious interference with employment contracts. In said opinion, the court stated:
* * * * * *
"* * * The effect of this is that if the plaintiff, knowing of the alleged conduct of Chipley, voluntarily left the service of Kehoe & Walker on account of such conduct, yet without being in fact discharged by them, that such voluntary leaving their service constituted in law a discharge of him from their service by Kehoe & Walker. There must, we think always be such a discharge of the plaintiff in a case like this, as amounts to a termination by his employer of the contract to the employe. * * *"
* * * * * *
Wherefore, the final order under review be and the same is hereby affirmed.