781 So.2d 1133 (2001)
Linda HARRINGTON, Appellant,
v.
George BATCHELOR and William Meenan, Appellees.
No. 3D99-3192.
District Court of Appeal of Florida, Third District.
February 28, 2001.
Certification Denied April 25, 2001.
*1134 H. Hugh McConnell, Coral Gables, for appellant.
Berman, Wolfe, Rennert, Vogel & Mandler, P.A., and Neil J. Berman, Miami; Bilzin, Sumberg, Dunn, Baena, Price & Axelrod, LLP, and Jeff Deen, for appellees.
Before JORGENSON, COPE and RAMIREZ, JJ.
COPE, J.
The question before us is whether a shareholder may sue for breach of a shareholder agreement, even though the injury complained of affects all of the shareholders equally. We conclude that the answer is yes. A party to a shareholder's agreement may sue individually for its breach. Accordingly we reverse the dismissal order and remand for further proceedings.

I.
The late Jean Rich owned all of the stock of Rich International Airways. By will she left 60% of the stock to her four children (15% each) and 40% to her second husband, William Meenan, who was Ms. Rich's personal representative and president of Rich International.[1]
There were disputes between the children and Meenan over the probate of the estate and the management of Rich International. The children sought to have Meenan removed as personal representative.
The children and Meenan entered into a settlement agreement in the probate proceeding on June 21, 1993. The provisions of the settlement agreement relating to Rich International are properly viewed as a shareholder agreement pursuant to section 607.0732, Florida Statutes (1993).
It was agreed that Rich International would immediately be placed on the market for sale. The parties agreed to use their best efforts to promptly finalize and conclude a sale of the airline.
It was agreed that Meenan would continue to be president of Rich International. The agreement listed certain types of corporate transaction which would have to be submitted to the board of directors for approval.
In 1994, George Batchelor purchased the stock owned by David Rich, one of the children. This purchase was subject to the shareholder agreement, and Batchelor was bound thereby.
Linda Harrington, plaintiff below, is another of the children of the late Jean Rich. She initially acquired shares through the will, and subsequently purchased the shares of her remaining two siblings.
In 1996 Rich International filed for bankruptcy. Its assets have been placed in a liquidating trust.
In 1999 Harrington brought suit against George Batchelor and William Meenan for breach of the shareholder agreement. Her amended complaint (which is taken as true for present purposes) alleged that Meenan rejected actual offers to buy Rich International and rebuffed overtures by *1135 other potential buyers. The amended complaint alleged that Meenan and Batchelor failed to use their best efforts to sell the airline. The amended complaint also alleged that Meenan and Batchelor caused Rich International to enter into transactions with Batchelor's companies which were not submitted to the Rich board of directors for approval as required by the shareholder's agreement. Harrington asserted that these transactions made Rich International less attractive to potential buyers.
The defendants sought dismissal of the action, contending that the stated claims could only be brought by a derivative action on behalf of the corporation. They reasoned that where the claimed injury affects all of the shareholders equally, the lawsuit necessarily must be pursued as a derivative action, and may not be brought on behalf of a shareholder individually. The trial court agreed and dismissed the action. Harrington has appealed.[2]

II
Writing in a case in which there was no applicable shareholder agreement, this court said:
A stockholder may bring a suit in his own right to redress an injury sustained directly by him, and which is separate and distinct from that sustained by other stockholders; however, if [the] injury is primarily against corporations, or stockholders generally, then the cause of action is in the corporation and the individual's right to bring it is derived from the corporation.
Fried v. Easton, 293 So.2d 87, 88 (Fla. 3d DCA 1974) (citing Citizens National Bank of St. Petersburg v. Peters, 175 So.2d 54 (Fla. 2d DCA 1965)).
In this case, however, there is a contract between the parties, namely, the shareholder agreement. A party to a contract may sue for its breach.
There are two major, often overlapping, exceptions to the general rule that a shareholder cannot sue for injuries to his corporation: (1) where there is a special duty, such as a contractual duty, between the wrongdoer and the shareholder, and (2) where the shareholder suffered an injury separate and distinct from that suffered by other shareholders.
12B William Meade Fletcher, Fletcher Cyclopedia of the Law of Private Corporations § 5911, at 458 (perm.ed., rev.vol. 2000) (emphasis added; footnote omitted).
"Where the wrongful acts are not only wrongs against the corporation but are also violations by the wrongdoer of a duty arising from contract or otherwise, and owing directly to the shareholders, individual shareholders can sue in their own right." Id. § 5913, at 470 (footnote omitted); see Heina v. La Chucua Paso Fino Horse Farm, Inc., 752 So.2d 630, 635-37 (Fla. 5th DCA 1999) (allowing claim for breach of shareholder agreement, and derivative claim, in same lawsuit); American Law Institute, Principles of Corporate Governance § 7.01 & cmt. f (1994).
"[A] shareholder can sue for breach of [a] contract to which he is a party, even if he has not suffered an injury separate and distinct from that suffered by other shareholders. This is the test recognized by the majority of jurisdictions." *1136 Hikita v. Nichiro Gyogyo Kaisha, Ltd., 713 P.2d 1197, 1200 (Alaska 1986).
We conclude that Harrington is allowed to bring this suit individually. We therefore reverse the dismissal order and remand the cause for further proceedings consistent herewith.
NOTES
[1] Although immaterial here, a later corporate transaction modified somewhat the respective percentages of stock ownership.
[2] In 1995, Harrington brought a derivative action on behalf of Rich International against Meenan. In 1996, Rich International filed a bankruptcy petition and the bankruptcy trustee succeeded to any claims that Rich International might have. Harrington thus lost standing to pursue the derivative action.