SHEVIN, Judge.
Apgar & Markham Construction of Florida, Inc., Ronald Markham, and M. Jean Peterson [collectively “defendants”] appeal a final judgment awarding attorney’s fees to plaintiff Ross E. Apgar, following the resolution of Apgar’s shareholder derivative action. We affirm in part, reverse in part and remand.
The,parties stipulated, and the trial court found, that based on the reasonable number of hours expended and the reasonable hourly rate, the lodestar fee was $125,000. See Florida Patient’s Compensation Fund v. Rowe, 472 So.2d 1145 (Fla.1985). The court then determined that a multiplier of 3 was warranted, and that the $40,000 that Apgar had already paid his counsel should be deducted from the total after the application of the multiplier. The court awarded plaintiff Apgar $335,000. The court further found that, in the alternative, if the $40,000 should be deducted from the lodestar amount prior to the multiplier, then the appropriate multiplier would be 2.2.
As a threshold consideration, we affirm the award of fees in this case, finding that the relief afforded in Apgar’s shareholder derivative action was not “relief rendered for the benefit of injured shareholders only....” § 607.07401(6), Fla.Stat. (1995). Apgar did not bring the action to vindicate an injury sustained by him personally, but, rather, brought the action to “enforce a right of action existing in the corporation.” Fort Pierce Corp. v. Ivey, 671 So.2d 206, 207 (Fla. 4th DCA1996). See Lane v. Head, 566 So.2d 508 (Fla.l990)(attorney’s fees may be awarded where loss was not personal to plaintiff but inhered in the corporation itself).[1] Ap-gar was entitled to fees under the statute, and there is no error in setting the lodestar figure at $125,000.
However, we reverse and remand the cause for the trial court to make an appropriate finding regarding the likelihood of sue- *286 cess at the outset. This finding is required to justify the application of a multiplier to the lodestar amount. Standard Guaranty Ins. Co. v. Quanstrom, 555 So.2d 828 (Fla.1990). Apgar’s expert testified only that he had considered this factor, but offered no testimony or conclusion as to the likelihood of success at the outset. The court made no finding on this point, either at the hearing or in the fee judgment.
In addition, we must reverse the award insofar as it applies the multiplier to the $40,000 in fees Apgar had already paid his lawyer. There was no risk of non-payment as to this amount, and the Quanstrom or Rowe policy reasons cannot justify enhancing it by a multiplier. On remand, the $40,000 shall be deducted from the $125,000 lodestar amount prior to the application of a multiplier.
We also agree with defendants’ argument that a multiplier of 3 was excessive. Quanstrom limited the maximum possible multipliers to 2.5. See Lane, (Quanstrom or Rowe applicable to determine fee award in shareholder derivative action). This cause is not a common fund case, and Kuhnlein v. Dept. of Revenue, 662 So.2d 309 (Fla.1995), cannot justify the use of a 3 multiplier. On remand, if the court’s finding on the likelihood of success at the outset justifies application of a multiplier, the trial court’s alternative multiplier of 2.2 must be applied.
For the foregoing reasons, the fee award is affirmed in part, reversed in part, and the case is remanded for further proceedings consistent with this opinion.
Affirmed in part, reversed in part and remanded.

. Construing section 607.147(5), Florida Statutes (1985), repealed by Ch. 89-154, § 166, and Ch. 90-179, § 189, Laws of Florida, providing that fees may not be awarded in a shareholder derivative action for "any judgment rendered for the benefit of injured shareholders only and limited to a recovery of the loss or damage sustained by them.”