148 So.2d 36 (1962)
JAMES TALCOTT, INC., a New York corporation, Appellant,
v.
Harry J. McDOWELL, on behalf of himself and all other stockholders of Interstate Construction Equipment, Inc., a Florida corporation, similarly situated, Appellees.
No. 62-594.
District Court of Appeal of Florida. Third District.
December 18, 1962.
Nicholson, Howard & Brawner, Miami, for appellant.
*37 Blackwell, Walker & Gray, Miami, for appellees.
Before HORTON, BARKDULL and HENDRY, JJ.
HORTON, Judge.
Appellant, defendant below, seeks review of an order denying its motion to dismiss, amended motion to dismiss, and motion to strike. We reverse.
This was a stockholder's derivative action. The complaint alleged, in pertinent part:
"That the plaintiff, HARRY J. McDOWELL, is now the owner and holder of fifty shares of the capital stock of the said INTERSTATE CONSTRUCTION EQUIPMENT, INC., and has been the owner of fifty shares or 50% of all the outstanding shares of stock of the said corporation at all times material to the cause of action hereinafter set forth, specifically including the time at which demand was made that suit be brought against the defendant, JAMES TALCOTT, INC.
"Demand has been made on the said INTERSTATE CONSTRUCTION EQUIPMENT, INC., to bring an action against the defendant, JAMES TALCOTT, INC.; that one of the officers and directors, who also owns 50% of the shares of outstanding stock, refuses to bring this action; that further request to bring this action will be useless, and furthermore, the corporation has unreasonably failed to bring this action." [Emphasis supplied]
The remainder of the complaint was framed in four counts. Count One sought leave for appellee to prosecute the action reflected by the following counts. Count Two sounded in conversion, alleging that the appellant had converted to its own use certain earthmoving equipment belonging to Interstate. Count Three sounded in trespass, alleging that appellant had trespassed upon real property then leased to Interstate. Count Four asserted a claim for alleged interference by appellant with contracts between Interstate and its customers. The complaint did not disclose the reasons for Interstate's refusal to sue, nor did it allege that this refusal was wrongful and the result of fraud, bad faith, or a gross abuse of discretion on the part of the board of directors.
Appellant filed a motion to dismiss and amended motion to dismiss for, inter alia, lack of jurisdiction over the subject matter and failure to state a cause of action. After hearing, the chancellor entered the order appealed denying these motions.
The appellant contends the chancellor erred since the complaint does not allege facts sufficient to entitle the appellee to bring a stockholder's derivative action. We find this contention has merit.
As a general rule, an action to enforce corporate rights or to redress injuries to the corporation cannot be maintained by a stockholder in his own name or in the name of the corporation, but must be brought by, and in the name of the corporation itself. See Orlando Orange Groves Co. v. Hale, 119 Fla. 159, 161 So. 284; 18 C.J.S. Corporations § 559. However, under certain circumstances a stockholder may bring a stockholder's derivative action which is an action in which a stockholder seeks to sustain in his own name a right of action existing in the corporation. The corporation is the real party in interest, the stockholder being only a nominal plaintiff. See Black's Law Dictionary, Fourth Edition, p. 1588; Fletcher, Cyclopedia of Corporations, Vol. 13, § 5939, and numerous cases cited therein. See also 18 C.J.S. Corporations § 559; 13 Am.Jur., Corporations, § 461. Such an action may only be brought where the corporation has wrongfully refused to bring suit as the result of fraud, bad faith, or a gross abuse of discretion on the part of the board of directors. See Orlando Orange Groves *38 Co. v. Hale, supra; Fletcher, Cyclopedia of Corporations, Vol. 13, § 5951. As stated in Orlando Orange Groves Co. v. Hale, supra:
"A very wide discretion is necessarily reposed in the directors of a corporation. It is not the duty of the managers of such association to bring suit upon every supposed wrong or injury to the corporation. * * * So a suit might appear so desperate, or be so expensive, or, for good reasons impolitic, that creditors might, in the exercise of a sound discretion, deem it unwise to engage in litigation. In such case, if the refusal be in good faith, the courts will rarely suffer a shareholder to overturn such decision by entertaining his suit for the same cause of action."
Thus, in order for a complaint to state a cause of action entitling the stockholder to relief, it must allege two distinct wrongs: the act whereby the corporation was caused to suffer damage, and a wrongful refusal by the corporation to seek redress for such act. Conceding the necessity for such allegations, the question of their sufficiency arises. General allegations of wrongful refusal to sue are not sufficient. The reason for the refusal should be disclosed to overcome the justifiable inference that refusal was based on grounds of discretion or policy. Poor v. Iowa Cent. Ry. Co. (C.C.S.D. Iowa 1907), 155 F. 226; Fletcher, Cyclopedia of Corporations, Vol. 13, § 6008, p. 601; see also, Stockholder's Derivative Suits, 12 Fla.L.Rev. 196, 198 (1959).
Applying these principles to the allegations in the case at bar, we conclude that the appellee's complaint fails to state a cause of action. It fails to allege that Interstate's refusal to sue was wrongful, merely alleging that it was unreasonable. A corporation's refusal to sue might be considered unreasonable by one of its stockholders and still not be wrongful so as to justify a stockholder's derivative action. Further, assuming arguendo that the refusal was alleged to be wrongful, the complaint would still fail to state a cause of action since it does not disclose the reasons for the refusal.
Other contentions have been advanced by the appellant as further basis for the reversal of the order appealed which we deem it unnecessary to discuss in view of the result reached herein.
The order appealed is reversed and the cause is remanded with directions to dismiss the complaint.
Reversed and remanded with directions.