175 So.2d 54 (1965)
CITIZENS NATIONAL BANK OF ST. PETERSBURG, Richard T. Earle, et al., Appellants,
v.
William PETERS, Appellee.
No. 5896.
District Court of Appeal of Florida. Second District.
May 14, 1965.
*55 Leslie D. Franklin, of Earle & Williams, St. Petersburg, for appellants.
Theodore C. Taub, of Nuccio & Taub, Tampa, for appellee.
ALLEN, Acting Chief Judge.
Appellants, by way of interlocutory appeal, seek review of a chancery order denying their motion that plaintiff-appellee, a shareholder in appellant bank, be required to put up security for costs incurred in defending this suit under the provisions of Section 608.131, Florida Statutes, F.S.A. (1963).
Section 608.131, adopted by the 1963 Florida Legislature, is what is known as security-for-expenses legislation. New York was the first state to pass such legislation, N.Y. General Corporation Law, McKinney's Consol.Laws, c. 23, § 61-b (1944), and a number of states have seen fit to follow the example. See 13 Fletcher, Private Corporations § 5971.1 (rev. ed. 1961). The avowed purpose of such legislation is to remedy stockholder abuse of the derivative suit by prosecution of the so-called "strike suit." Fuller v. American Machine & Foundry Co., 97 F. Supp. 742 (S.D.N.Y. 1951).
Section 608.131, by its terms, applies to any action commenced by a stockholder to procure a judgment in the corporation's *56 favor. In other words, the statute applies only to stockholders' derivative actions.
Subsection (4) of the statute provides for the posting of security by stockholders holding less than a prescribed financial interest in the corporation. Holdings of less than five per cent of the outstanding shares or voting trust certificates, or holdings failing to exceed fifty thousand dollars in value, make the statute operative. It was stipulated by counsel for plaintiff that plaintiff's financial interest in the bank was less than the statutory prescription.
The chancellor held that plaintiff's suit was not a derivative action; hence, the statute did not apply and posting security was unnecessary. We reverse.
A Florida court has defined a derivative suit as an action in which a stockholder seeks to enforce a right of action existing in the corporation. See James Talcott, Inc. v. McDowell, Fla.App. 1962, 148 So.2d 36. Conversely, a direct action, or as some prefer, an individual action, is a suit by a stockholder to enforce a right of action existing in him. See 13 Fletcher, Private Corporations § 5911 (rev. ed. 1961).
What these definitions attempt to convey is that a stockholder may bring a suit in his own right to redress an injury sustained directly by him, and which is separate and distinct from that sustained by other stockholders. If, however, the injury is primarily against the corporation, or the stockholders generally, then the cause of action is in the corporation and the individual's right to bring it is derived from the corporation.
Obviously, the character of plaintiff's suit must be determined from the gravamen of his complaint. The complaint alleges that the individual defendants, directors of the bank, (a) relinquished certain assets in excess of $130,000 in the settlement of certain lawsuits brought against the bank; (b) relinquished assets pledged and mortgaged to the bank as security for obligations, which were owed by one of the litigants and past due; and (c) paid to the litigants, in cash, a sum in excess of $32,000. The complaint further alleges that one of the defendant-directors is the attorney of record for one of the litigants.
What appears to be an independent count is the allegation that plaintiff has received notice of the offering of additional shares of common stock, and that from said notice plaintiff is unable to determine (a) the date of issue; (b) the extent to which additional capital is needed; (c) why the offering statement reflects that "additional expenses" were increased by $120,000 over the prior year; and (d) what plans have been made for raising additional capital. Further, the offering statement recites that no material lawsuits are pending against the bank, whereas the public records of Pinellas County show a pending suit against the bank demanding damages in excess of $300,000. The prayer for relief demands an accounting, replacement of assets if the court found there was improper handling, and the avoidance of the attempted increase in capital if the accounting shows no additional capital is needed.
The corporation law of this State vests in directors the management of the corporate business. Florida Statutes, § 608.09(1), F.S.A. Courts, reluctant to pass upon the exercise of business judgment, have given to directors wide discretion in the performance of their duties. See Orlando Orange Groves Co. v. Hale, Fla. 1935, 119 Fla. 159, 161 So. 284. The challenged settlement of lawsuits and attempted issuance of stock to raise additional capital are both exercises of the power of management vested in directors. Thus the gravamen of plaintiff's complaint is an attack against the directors' handling of corporate affairs. As such, it attempts to state a cause of action classically in the right of the corporation. See e.g., Waller v. Waller, 187 Md. 185, 49 A.2d 449 (1946); Filene v. Kirstein, 271 Mass. 219, 171 N.E. 285 (1930); Seitz v. Michel, 148 Minn. 80, 181 N.W. 102, 12 *57 A.L.R. 1060 (1921); Dorrah v. Pemiscot County Bank, 213 Mo. App. 541, 256 S.W. 560 (1923); November v. National Exhibition Co., 10 Misc.2d 537, 173 N.Y.S.2d 490 (1958).
We hold, therefore, that plaintiff's complaint subjects him to the provisions of Section 608.131, which makes necessary the posting of security before proceeding further in this cause.
We feel we must add that our determination as to the furnishing of security is not a determination as to the sufficiency of the complaint to state a cause of action.
Reversed.
SHANNON and WHITE, JJ., concur.