NIMMONS, Judge.
This is an appeal from a circuit court order dismissing with prejudice four counts of appellant’s six-count complaint because of appellant’s failure to post security for costs pursuant to Section 607.147(3), Florida Statutes (1985). We reverse.
Appellant is a member of the Lakebreeze Homeowner’s Association (“Association”), a Florida nonprofit corporation. On May 6, 1985, she filed an amended six-count complaint against the Association. Counts I, II, IV and V basically alleged mismanagement of the corporate affairs of the Association. In Counts III and VI, appellant complained of certain actions by the Association which allegedly personally affected appellant. Counts III and VI are not involved in this appeal.
Shortly after answering the complaint, the Association filed a motion asking the court to require appellant to post security for costs pursuant to Section 607.147(3), Florida Statutes (1985). The trial court granted the motion and ordered the appellant to post security for costs in the amount of $8,000. Subsequently, an order was entered dismissing with prejudice Counts I, II, IV and V of the complaint because the appellant failed to post security for costs as earlier ordered. It is from this order that appellant appeals.
For the reasons discussed herein, we hold that Section 607.147(3) is inapplicable in the present case. We, therefore, do not reach the constitutional issue raised by appellant.
First, the very language of the statute demonstrates that Section 607.147(3) is inapplicable in the instant case. That section provides:
607.147 Shareholders’ derivative actions; security for expenses. — In any action commenced or maintained by a shareholder of any domestic or foreign corporation to procure a judgment in its favor:
* * * * * *
(3) If the plaintiff or plaintiffs hold less than 5 percent of the outstanding shares or voting trust certificates of such corporation, then, unless the stock or voting trust certificates held by such plaintiff or plaintiffs shall then have a fair value in excess of $50,000, the court may at any *252 time before final judgment require the plaintiff or plaintiffs to give security for the reasonable expenses, including attorneys’ fees, which may be incurred by the corporation in connection with such action and by the other parties defendant in connection therewith for which such corporation may become legally liable, to which security such corporation shall have recourse in such amount as the court having jurisdiction of such action shall determine upon the termination of such action. The amount of such security may thereafter from time to time be increased or decreased in the discretion of such court upon showing that the security provided has or may become inadequate or excessive.
The above provision establishes that, as a condition precedent to a court exercising its discretion in ordering security for costs, the plaintiff must “hold less than 5 percent of the outstanding shares or voting trust certificates of such corporation....” Such language makes clear that the security for costs provision of Section 607.147 can only apply to stock share corporations.
The present case does not involve a stock share corporation, but rather a nonprofit corporation organized on a nonstock basis. In a nonstock nonprofit corporation, no shares of stock are issued and there are no shareholders. Section 607.147(3) is rendered inapplicable in such a situation because the condition precedent for ordering security for costs, namely, that the plaintiff hold less than 5 percent of the outstanding shares or voting trust certificates, cannot be satisfied.
Furthermore, the very purpose behind the security for costs provision of Section 607.147(3) suggests the inapplicability of the provision in the present case. The purpose of such a provision is to remedy shareholder abuse of the derivative suit by prosecution of the so-called “strike suit.” Citizens National Bank of St. Petersburg v. Peters, 175 So.2d 54, 55 (Fla. 2d DCA 1965). A “strike suit” is a derivative action brought by a shareholder with the ulterior purpose of inducing the defendants to buy the plaintiffs shares in order to avoid litigation. Surowitz v. Hilton Hotels, Corp., 383 U.S. 363, 86 S.Ct. 845, 15 L.Ed.2d 807 (1966). In the instant case, the appellant does not own shares in the Association.
Appellant has urged that Section 607.147 is inapplicable in the present case because her action is not derivative in nature. Appellant asserts that she is bringing a direct or individual action in which she seeks to redress injuries that she directly sustained. However, we reject that argument finding instead that appellant’s claims are derivative.
A derivative suit has been defined as an action in which a stockholder seeks to enforce a right of action existing in the corporation; the injury sustained by the stockholder bringing such suit is basically the same as the injury sustained by other stockholders in the corporation. Citizens National Bank of St. Petersburg v. Peters, supra. As explained in Peters, the character of the suit is to be determined from the gravamen of the complaint. Id. at 56. In the present case, the gravamen of appellant’s complaint is an attack against corporate management. In Counts I, II, IV and V of her complaint, appellant has essentially alleged corporate mismanagement, invalidity of the bylaws, and a need for court supervision of all corporate expenditures. As such, these four counts are predicated upon rights of action existing in the corporation. The injury alleged in these counts is not “separate and distinct from that sustained by other stockholders”; rather, the injury is “primarily against the corporation_” Id. at 56. Appellant’s action is thus derivative in nature.[1]
Finally, the Association contends that Section 617.002 of the Florida Not For Profit Corporation Act renders the security for costs provision of Section 607.147(3) applicable to nonprofit corporations as well as profit corporations. We find no merit in *253 this contention. Section 617.002, Florida Statutes (1985), provides that the provisions of Chapter 607, the Florida General Corporation Act, apply to all nonprofit corporations “except to the extent that any provision of chapter 607 conflicts with any provision of this chapter.” In the instant case, the security for costs provision of Chapter 607 conflicts with Section 617.-011(1), Florida Statutes (1985), which provides that a nonprofit corporation organized on a nonstock basis shall not issue shares of stock. This provision of Chapter 617 is in conflict with Section 607.147(3) which, as previously discussed, requires as a condition precedent for ordering security for costs that the plaintiff hold less than 5 percent of the outstanding shares or voting trust certificates. Section 617.002 therefore does not render the security for costs provision of Chapter 617 applicable to the nonstock nonprofit corporation in the present case.
Accordingly, the trial court’s order requiring appellant to post security for costs under Section 607.147(3), Florida Statutes (1985), is REVERSED and the cause is REMANDED for further proceedings consistent with this opinion.
MILLS and WENTWORTH, JJ., concur.

. Appellee Association does not raise, and we do not address, the question of whether a member of a nonprofit corporation is authorized to bring a derivative action in Florida under existing statutory law.