501 So.2d 741 (1987)
ISLANDIA CONDOMINIUM Association, Inc., a Florida Corporation, Barry Braun, Nancy Edrich, Gail Braverman, Bruce Greenberg, Roz Bellman, Jerry Kramer, Barbara Krantz, Eileen Braun, and Bruce Sankin, Appellants,
v.
Daniel H. VERMUT and Susan H. Vermut, Appellees.
No. 85-351.
District Court of Appeal of Florida, Fourth District.
February 4, 1987.
Allen M. Levine, of Becker, Poliakoff & Streitfeld, P.A., Fort Lauderdale, for appellants.
Regina F. Zelonker of Scherman and Zelonker, P.A., Hialeah, for appellees.
PER CURIAM.
This is an appeal of a partial final judgment as to Count I of plaintiffs' third amended complaint and defendants' amended counterclaim. We affirm and address herein only some of the issues, having considered all of them.
Islandia Condominium development consists of forty-seven buildings, each building being composed of several two-story townhouses. The development was originally laid out in clusters of buildings grouped by color. There were approximately seven different color groups and coordinations, with each group of buildings having matching trim and roof. The Islandia development was and is operated by one Board of Directors and one set of officers. One *742 monthly Board of Directors meeting is held.
Plaintiffs/Appellees Daniel and Susan Vermut purchased a condominium at Islandia in December, 1977 in Building 15, Unit 8. At the time of this purchase, buildings of different colors were already constructed. These series of colors appealed to the Vermuts and they believed the community was beautiful. For example, some buildings were in gray tones, some in reddish tones, some in greenish tones and so forth. The Vermuts purchased their particular unit because of the exterior color scheme planned for the building. When they took title to their unit, and until the most recent paint job, all of the wood surfaces, including the wood siding, trim, fence, gate and trellises, were dark brown; and the stucco was an off-white color.
The basis of the present lawsuit began on June 17, 1982, at the regular monthly meeting, when the Islandia Board of Directors approved a "painting program" presented by the maintenance committee. Color was not discussed or decided at that meeting nor was there a decision made to give the community a more uniform appearance. In fact, neither color nor the uniform appearance issue were discussed at any Board of Directors meeting. As stated specifically in the judgment, the "(t)he minutes of subsequent Board of Directors meetings reflect a discussion of commencement date for painting (July 15, 1982), pressure cleaning (September 23, 1982), illegal assessments (November 18, 1982) and painting in general (February 10, 1983) but on no occasion is there a discussion of changes in color or more uniform look for the community."
The amount of the painting contract entered into by Islandia was close to Two Hundred Thousand ($200,000.00) Dollars. Only one contract was made for all forty-seven buildings at Islandia. The June 17, 1982 minutes reflect that a special assessment for the painting was discussed, but, as noted in the judgment, the minutes do not reflect that an assessment was voted on and passed.
The dispute between the parties is the choice of color and how it was made. The board decided that for the sake of uniformity, all the buildings would be painted in the same color scheme, light brown. There is a letter in the record from the board president to the association's attorneys which indicates he selected the color himself. No notice was given to the unit owners regarding the color choice.
The Vermuts first found out about the painting when Daniel Vermut saw Buildings One and Two being painted the new light color brown. Subsequently, on February 2, 1983, they filed the present action against Islandia seeking, among other items, that their building be restored to its original color. They contended that the decision to change the exterior color scheme at a cost of $200,000 was the type of change and improvement which required a two-thirds vote of the unit owners, as stated in Article XIV (D) of the Declaration of Condominium. We agree.
The trial court, after notice and hearing, issued a preliminary injunction to prevent the painting of the Vermuts' building while this suit was pending. This court reversed solely on the ground of no showing of irreparable harm at the preliminary state of their lawsuit. Islandia Condominium Association, Inc. v. Vermut, 438 So.2d 89 (Fla. 4th DCA 1983). The Vermuts' building was painted; and they disapproved not only because it did not appear as it did when they purchased it in 1977, but also because they had made improvements upon their unit based upon the color scheme they purchased. The color of these improvements including tile on the front walk and storm roll-ups, had been carefully chosen to insure uniformity of the outside of the unit with the other units in the building.
The trial court made extensive findings of fact set out in the final judgment. On the plaintiffs' claim, the trial court ordered that a vote be taken of all the unit owners as required in order to obtain approval of the color change. If there was not approval by two-thirds of the owners, then the association was ordered to repaint all the *743 buildings to their original color schemes. On defendants' counterclaim, the trial court ordered that the association's special assessments were null and void, that the claims of lien filed by it against the Vermuts were cancelled; and it dismissed the claim for foreclosure of the Vermuts' unit.
This court has discussed the definitions of alteration, addition, material and substantial, in Sterling Village Condominium, Inc., v. Breitenbach, 251 So.2d 685 (Fla. 4th DCA 1971). Changing the color scheme of the development from one of multi-color clusters to one uniform color clearly fits within the Sterling definitions of substantial, material alteration. We therefore affirm the partial final judgment in favor of the Vermuts and against the association.
ANSTEAD and GLICKSTEIN, JJ., and GODERICH, MARIO P., Associate Judge, concur.