671 So.2d 206 (1996)
FORT PIERCE CORPORATION, Appellant,
v.
C.L. IVEY, etc., et al., Appellees.
No. 95-0030.
District Court of Appeal of Florida, Fourth District.
March 20, 1996.
John Beranek of Macfarlane Ausley Ferguson & McMullen, Tallahassee, and Osbourne Walker O'Quinn, Fort Pierce, for appellant.
Richard H. Levenstein of Heimberg, Heimberg, Rader & Levenstein, Boca Raton, for appellees Linda Williams and Gary Lawrence.
POLEN, Judge.
Fort Pierce Corporation appeals the final order granting attorney's fees and interest to Linda Williams. We reverse.
Linda Williams filed a multi-count suit against the Fort Pierce Corporation and its officers. The trial court denied most of her claims, but did find that Ms. Williams was entitled to thirty-three percent of the stock in the Fort Pierce Corporation. Following the judgment, Ms. Williams filed a postjudgment motion for attorney's fees pursuant to section 607.07401, Florida Statutes (1993). Ms. Williams believed that she prevailed in a derivative suit and was therefore entitled to fees under section 607.07401. The trial court agreed and awarded her $52,000.
The trial court erred in awarding Ms. Williams fees based on a derivative cause of action. Shareholders' derivative actions are brought under section 607.07401, Florida *207 Statutes. The courts have defined a derivative suit as an action in which a stockholder seeks to enforce a right of action existing in the corporation. Citizens Nat'l Bank of St. Petersburg v. Peters, 175 So.2d 54 (Fla. 2d DCA 1965) (citing James Talcott, Inc. v. McDowell, 148 So.2d 36 (Fla. 3d DCA 1962)). Conversely, a direct action, or as some prefer, an individual action, is defined as a suit by a stockholder to enforce a right of action existing in the stockholder. Id. at 56. What these definitions convey is that stockholders may bring a suit in their own right to redress an injury sustained directly by them individually and which is separate and distinct from that sustained by other stockholders. If, however, the injury is primarily against the corporation, or the stockholders generally, then the cause of action is in the corporation and the individual's right to bring it is derived from the corporation.
In the case at bar, Ms. Williams prevailed on a cause of action that was personal and not derivative. At trial, Ms. Williams produced the articles of incorporation that showed she was entitled to thirty-three percent of Fort Pierce Corporation stock. Fort Pierce Corporation's decision not to issue that stock to her does not cause injury to the corporation or the stockholders as discussed in Peters. It cannot be said that the corporation suffered as a result of Mrs. Williams' failure to possess stock. In requesting the court to order Fort Pierce Corporation to issue that stock, she was not suing to enforce a right of action existing in the corporation. Instead, Ms. Williams was suing to enforce a right of action existing in her, and attempting to redress her own injury. She was the only person injured by the corporation's decision not to issue the stock. Such an action is personal and did not entitle her to fees under the statute.
Accordingly, we reverse the trial court's award of fees under section 607.07401, Florida Statutes (1993).
REVERSED.
WARNER and FARMER, JJ., concur.