769 So.2d 1071 (2000)
Ray LARSEN, et al., Appellants,
v.
ISLAND DEVELOPERS, LTD., etc., et al., Appellees.
No. 3D99-2209.
District Court of Appeal of Florida, Third District.
September 13, 2000.
Rehearing Denied November 1, 2000.
Broad and Cassel, Fort Lauderdale, and David A. Freedman, Miami, and Tamara Carmichael, Miami, for appellants.
Greenberg Traurig, and Alan T. Dimond, and Elliot H. Scherker, Miami, and Elliot B. Kula, West Palm Beach, and Phillips, Eisinger, Koss, Rothstein and Rosenfeldt, Miami, for appellees.
Before JORGENSON, COPE, and RAMIREZ, JJ.
RAMIREZ, J.
This is an appeal from the dismissal of plaintiffs/appellants' derivative-action complaint based on a trial court ruling that such actions are no longer allowed in Florida for the benefit of, or on behalf of, not-for-profit corporations. We disagree and reverse.
Ray Larsen, Suzanne Bosze and others similarly situated are equity members of Fisher Island Club, Inc., a not-for-profit corporation established under chapter 617, Florida Statutes, for purposes of operating and maintaining the recreational and residential facilities at Fisher Island. The complaint which was dismissed alleges that the developer, in an effort to induce prospective purchasers of equity memberships, offered two commercially based incentives. The first incentive was a right to purchase any undeveloped acreage on Fisher Island if the developer decided not to build-out the entire island but rather to sell its vacant land. The second incentive was that the Club was given the right of first refusal to buy the developer's unsold condominium units if the developer decided to offer the units for sale at prices below certain levels.
In 1997, the developer began marketing to third parties its remaining undeveloped land on the island, along with its inventory of unsold condominium units. The developer gave notice of a proposed sale to its own employee (as President of the Club) of properties that had already been sold, but did not provide any notice or opportunity to purchase such property to the equity *1072 members. Plaintiffs then brought a derivative action against both the Club and the original developers of Fisher Island.
In dismissing the complaint, the trial court ruled that derivative actions for the benefit of, or on behalf of, not-for-profit corporations were abolished by a 1993 amendment to chapter 617.
Before the 1993 amendment, a member of a not-for-profit corporation could bring a derivative action as a matter of statutory law. Section 617.1908, Florida Statutes (1991) made the provisions of chapter 607, the Florida Business Corporation Act, applicable to not-for-profit corporations, except to the extent that such provisions may conflict with chapter 617. In 1993, section 617.1908 was amended to provide the opposite. Section 617.1908 currently states:
Except as otherwise made applicable by specific reference in any other section of this chapter, the provisions of chapter 607, the Florida Business Corporation Act, shall not apply to any corporations not for profit.
The trial court concluded that, by eliminating this bridge between chapters 607 and 617, the legislature intended to eliminate the right to bring a derivative action on behalf of a not-for-profit corporation. This right, however, was not initially granted by the legislature. It is derived from the common law as an equitable remedy, as relief from "faithless directors and managers." See Cohen v. Beneficial Indus. Loan Corp., 337 U.S. 541, 548, 69 S.Ct. 1221, 93 L.Ed. 1528 (1949) ("This remedy [the stockholder derivative suit], born of stockholder helplessness, was long the chief regulator of corporate management...."). This was a remedy recognized almost seventy years ago by the Florida Supreme Court in Orlando Orange Groves Co. v. Hale, 107 Fla. 304, 144 So. 674, 678 (1932), long before the legislature countenanced such suits by inclusion of statutory references to derivative actions. See also James Talcott, Inc. v. McDowell, 148 So.2d 36 (Fla. 3d DCA 1962)(recognizing corporate derivative suits); Kirtley v. McClelland, 562 N.E.2d 27 (Ind.Ct.App. 1990) (holding that derivative suits are to be available for not-for-profit corporation members as a common-law right).
Thus, in the absence of clear legislative directive otherwise, we hold that derivative actions are available in the context of not-for-profit corporations and were not eliminated by the 1993 amendment to section 617.1908. There are other reasons why the legislature might have eliminated the bridge between the two chapters other than to discontinue derivative actions in the context of not-for-profit corporations. For example, section 607.07401, Florida Statutes (1991) required the plaintiff to have been a "shareholder" when the transaction complained of occurred before bringing a derivative suit. As not-for-profit corporations only have members, not shareholders, the requirement made no sense in this context. The legislature could well have intended only to eliminate such inconsistencies through the 1993 amendment, not to completely eliminate a long-recognized, common-law cause of action. To hold otherwise could likely raise the possibility of an unconstitutional restriction on access to courts. See Kluger v. White, 281 So.2d 1 (Fla.1973).
Reversed and remanded.