ORFINGER, J.
Ralph Udick, a property owner in the Harbor Hills development and member of the Harbor Hills Homeowner’s Associa *491 tion, Inc. (“the HOA”), appeals the trial court’s judgment' in favor of Harbor- Hills Development, L.P., a Delaware Limited Partnership, doing business as Harbor Hills Development, Ltd. (“the Developer”), H.H.C.C., Inc., a Delaware corporation and general partner ■ of. the Developer (“HHCC”); and Michael Rich (collectively, “Appellees”). The trial court determined that a previously entered judgment in an earlier-filed member derivative lawsuit concerning the same issue precluded Mr. Udick from pursuing his action. We agree and affirm.
Harbor Hills is a Planned Unit Development in Lake County, Florida, consisting of residential lots, recreational facilities, and property with commercial zoning. Harbor Hills is, governed by its HOA, which has a board of directors under the Developer’s control. The HOA is maintained by the payment of assessments by property owners. Its governing documents include the Amendment and Restatement of Declaration of Covenants, Conditions and Restrictions for Harbor Hills (“Amended Declaration”). The Amended Declaration establishes the assessment methodology. In 2010, a dispute arose concerning how properties had been assessed under the formula established in the Amended Declaration. In an effort to clarify the method of assessments, the Developer recorded Amendment No. 2 to the Amended Declaration, which, among other things, reduced the assessments paid for each Developer-owned residential lot, thereby, increasing the assessments paid by all other owners.
Unhappy with the Developer’s resolution to the dispute, Larry Bell and Esther Line, two .homeowners in the Harbor Hills community, filed a derivative action against the Developer and several directors (“Bell/Line lawsuit”). Among other things, the Bell/Line lawsuit contested the validity of Amendment No. 2. Following a bench' trial, the trial court concluded that Améndment No. 2 was valid.[1] Mr. Udick, while aware of the Bell/Line lawsuit, did not seek to' intervene in that case and did not participate in the bench trial. Instead, he filed a separate lawsuit against Appellees while the- Bell/Line lawsuit was pending, but before the bench trial took place. Hé alleged various causes of action, all relaté# to the validity of Amendment No. 2. Appellees moved for summary judgment against Mri Udick, asserting that the judgment in the Bell/Line lawsuit bound Mr. Udick and prohibited him from maintaining his separate action. The trial court agreed, holding that, because the Bell/Line lawsuit was brought as a derivative action on behalf of all HOA members, and Mr. Udick was a member of the HOA and did not seek to intervene in that case, the principles of res judicata" applied, precluding Mr. Udick from again challenging the validity of Amendment No. 2. The court entered a final judgment in favor of Appellees leading to this appeal.
A derivative suit, such as the Bell/Line lawsuit, is a cause of action on behalf of a stockholder or member to enforce a right of action that exists on behalf of the corporation. Fort Pierce Corp. v. Ivey, 671 So.2d 206, 207 (Fla. 4th DCA 1996). It seeks redress for an injury suffered by the corporation, including nonprofit corporations, such as the HOA. See § 617.07401, Fla. Stat. (2010); Fox v. Prof' l Wrecker Operators of Fla., Inc., 801 So.2d 175, 179 (Fla. 5th DCA 2001); Ivey, 671 So.2d at 207. Mr. Udick correctly argues that, as a general rule, “[a] judg *492 ment or decree among parties to a lawsuit resolves issues as among them, but it does not conclude the rights of strangers to those proceedings.” Martin v. Wilks, 490 U.S. 755, 762, 109 S.Ct. 2180, 104 L.Ed.2d 835 (1989), superseded, by statute (in civil rights context), Civil Rights Act of 1991, Pub. L. No. 102-166, 105 Stat. 1074, However, .
these principles do not always require one to have been a party to a judgment in order to be bound by it. Most notably, there is an exception when it can be said, that, there is ‘privity’ between. a party to the second case and a party who is bound by an earlier judgment. [T]he.term ‘privity’ is now used to describe various relationships between litigants that would not have come within the traditional definition of that term.
Richards v. Jefferson Cty., Ala., 517 U.S. 793, 798, 116 S.Ct., 1761, 135 L.Ed.2d 76 (1996). Because the real plaintiff in a derivative suit is the corporation, “differing groups of shareholders who can potentially stand in the corporation’s stead are in privity for the purposes of issue preclusion.” Pyott v. La. Mun. Police Emps. Ret. Sys., 74 A.3d 612, 617 (Del.2013). “[A] person may be bound by a judgment even though not a party if one of the parties to the suit is so closely aligned with his interests as to be his virtual representative.” Aerojet-Gen. Corp. v. Askew, 511 F.2d 710, 719 (5th Cir. 1975). “One party may be said to be a privy of another whenever there is a mutual or successive relationship to the same right.”[2] Osburn v. Stickel, 187 So.2d 89, 91-92 (Fla. 3d DCA 1966).
Based on this precedent, we have no difficulty concluding that Mr. Bell and Ms. Line acted as privies of the nondevel-oper HOA members in bringing their aetion. It is clear that the interests of Mr. Bell, Ms. Line, and Mr. Udick were closely aligned, if not identical, though their legal theories may have differed. Thus, in the absence of some evidence that Mr. Bell and Ms. Line- were not adequate representatives of the nondeveloper HOA members, something not argued here, we conclude, as did the trial court, that Mr. Udick is bound by the Bell/Line judgment determining that Amendment No. 2 is valid, and thus, is precluded from maintaining his action against Appellees.
AFFIRMED.
PALMER and EVANDER, JJ., concur.

. Mr. Bell and Ms, Line did not appeal the trial court’s judgment determining Amendment No. 2 to be valid.

. Mr, Udick could have intervened in the Bell/ Line lawsuit, but chose not to do so.