DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**ELENA COLLADO,**
Appellant,

v.

**BRIGITTE BAROUKH, RICHARD ROSEN, MILDRED ZERBARINI, RONALD BUCHHOLZ, JESUS RODRIGUEZ, TARA DALU, NICK DAMASCENO, RAMBLEWOOD EAST REALTY HOLDING FNC, LLC, RAMBLEWOOD EAST REALTY HOLDINGS, LLC,** and **RAMBLEWOOD EAST CONDOMINIUM ASSOCIATION, INC.,**
Appellees.

No. 4D16-2075

[August 30, 2017]

Appeal from the Circuit Court for the Seventeenth Judicial Circuit, Broward County; Michael L. Gates, Judge; L.T. Case No. CACE15022331 (12).

Joseph D. Garrity of Garrity Traina, PLLC, Coconut Creek, for appellant.

Karen M. Nissen and Andrea Sconzo of Vernis & Bowling of Palm Beach, P.A., North Palm Beach, and E.J. Generotti of Frank, Weinberg & Black, P.L., Plantation, for appellees.

MAY, J.

A condominium unit owner appeals the dismissal with prejudice of her shareholder derivative suit against a condominium association (of which the owner is a shareholder), members of the association's board of directors, and two holding companies (collectively referred to as "defendants"). She argues the trial court erred in dismissing her complaint with prejudice. We agree with her in part and reverse in part.

Prior to filing suit, the owner emailed the association demanding to inspect the association's records, pursuant to section 607.07401(2), Florida Statutes (2016). The association's counsel responded that "the [a]ssociation is not incorporated under, and consequentially is not subject to, Chapter 607, Florida Statutes," and a demand under section

607.07401 was "legally invalid." By demand letter sent on October 7, 2015, the owner corrected the error by citing section 617.07401, Florida Statutes (2015), and demanded to inspect the association's records. The association responded that it would consider appointing an independent committee to investigate the owner's allegations at its next Board of Directors meeting.

On December 14, 2015, the owner filed a verified complaint, pursuant to section 617.07401, alleging: (1) breach of fiduciary duty; (2) negligence in failing to properly manage the association's funds and allowing its buildings to deteriorate; and (3) improper management of the association by the board of directors. The wherefore clause asked for relief from the "defendants" although the counts primarily made allegations only against the board members and the association.[1]

Following the filing of the verified complaint, the owner moved to enforce the condominium association bylaws, which provide term limits for board members of two, two-year terms. The motion claimed the bylaws prohibited the then-current members of the board from running again as each member had already served more than two terms.

The association and the three board members who had been served filed multiple motions to dismiss the complaint with prejudice, arguing: (1) the owner failed to properly comply with the statutorily required ninety-day waiting period prior to filing the derivative action; (2) the counts alleging breach of fiduciary duty and negligence against the association and its board of directors did not seek relief against the two holding companies; (3) the count seeking declaratory relief against all defendants did not make specific allegations against the holding companies; (4) the owner failed to properly form her pleadings; and (5) the association does not have a fiduciary duty to its unit owners.

The trial court held a hearing on the owner's motion to enforce bylaws and the defendants' motions to dismiss. It denied the owner's motion to enforce and granted the defendants' motions to dismiss with prejudice. The owner moved for rehearing, which the trial court denied. From the dismissal order and the order denying the motion for rehearing, the owner now appeals.

The owner argues the trial court erred in dismissing the case *with prejudice without leave to amend* because the complaint clearly stated a cause of action and alleged all elements of the causes of action. The

---

[1] The trial court found that only three of the seven board members were served.

defendants respond the court correctly dismissed the verified complaint without leave to amend because the suit was prematurely filed, improperly pled, and failed to state a cause of action.

We have de novo review. *Haslett v. Broward Health Imperial Point Med. Ctr.*, 197 So. 3d 124, 127 (Fla. 4th DCA 2016).

Because the association is a not-for-profit Florida corporation, it is governed by Chapter 617. Section 617.07401(2), Florida Statutes, provides that a suit cannot be filed before the expiration of ninety days after "the date of the first demand." Here, the owner first made a demand for action by the association pursuant to Chapter 607. The association advised her that she had referenced the wrong chapter. The owner then corrected the demand to reflect the correct chapter in a letter to the association on October 7, 2015. The owner then filed suit on December 14, 2015.

As the trial court found, the owner's October 7, 2015 letter served as a new demand for action and marked the beginning of a new ninety-day waiting period. The ninety days expired on January 5, 2016, but the owner filed the verified complaint twenty-two days before the ninety days expired. The trial court properly dismissed the complaint. § 617.07401, Fla. Stat.

The trial court also correctly found the verified complaint failed to comply with section 617.07401 by failing to plead an exception to the ninety-day waiting period. The verified complaint failed to allege that the demand was "refused or ignored" by the association, that the demand was rejected in writing by the association prior to the ninety-day period, or that the waiting period would cause irreparable harm to the association. Noncompliance with the pre-suit requirements of section 617.07401 mandates dismissal of the suit. *See, e.g., Sharma v. Ramlal*, 76 So. 3d 955, 957 (Fla. 2d DCA 2011) (LaRose, J., concurring).

Florida Rule of Civil Procedure 1.420(b) also provided a basis for dismissal of the complaint. It provides that an action may be dismissed for failure to comply with the Florida Rules of Civil Procedure. The rules provide that a complaint "shall contain . . . a short and plain statement of the ultimate facts showing that the pleader is entitled to relief." Fla. R. Civ. P. 1.110(b).

Commingling various claims against all defendants together may also warrant dismissal of a complaint. Fla. R. Civ. P. 1.110(f); *see also Aspsoft, Inc. v. WebClay*, 983 So. 2d 761, 768 (Fla. 5th DCA 2008) (commingling separate and distinct claims against multiple defendants warrants a

dismissal of the complaint).

Here, the owner made blanket references to "defendants" throughout the complaint, specifically under counts two and three for negligence and improper management, respectively. By commingling separate and distinct claims against multiple defendants, the owner violated Rule 1.110(f) for failing to state in a separate count "[e]ach claim founded upon a separate transaction or occurrence." Fla. R. Civ. P. 1.110(f). Because the owner failed to comply with the Florida Rules of Civil Procedure, the action was properly dismissed under Rule 1.420(b).

The verified complaint also failed to clearly allege how each defendant caused the injury and damages alleged. Count two broadly mentions the board of directors and their alleged duty and breach, but does not allege a duty, breach, or wrongdoing on the part of the association as an entity. Count three likewise broadly mentions the association without specifying the wrong committed by each defendant.

Count one improperly alleged the association breached a fiduciary duty to its unit owners even though as a corporate entity, it does not have a duty to its unit owners. *See* § 718.111(1), Fla. Stat. (2016) (only officers and directors of a corporate entity have a fiduciary duty, not the corporate entity). In short, the trial court properly dismissed the breach of fiduciary claim against the association. And, while the holding companies are alleged to have title to apartments purchased by the association, there is no allegation that these entities either breached a fiduciary duty or were negligent.

Notwithstanding the failure to comply with the pre-suit notice requirement and the pleading requirements of the Florida Rules of Civil Procedure, Rule "1.190(a) provides that leave to amend 'shall be given freely when justice so requires.'" *Cousins Restaurant Assocs. ex rel. Cousins Mgmt. Corp. v. TGI Friday's, Inc.*, 843 So. 2d 980, 982 (Fla. 4th DCA 2003) (quoting Fla. R. Civ. P. 1.190(a)). "[L]eave to amend should not be denied unless the privilege has been abused, there is prejudice to the opposing party, or amendment would be futile." *Life Gen. Sec. Ins. Co. v. Horal*, 667 So. 2d 967, 969 (Fla. 4th DCA 1996).

Here, the owner acknowledged some of the pleading deficiencies and requested leave to amend. Because this is not a case where the owner filed repetitive motions to amend and abused the privilege, and because there was no finding that an amendment would be futile, the trial court erred in dismissing the case with prejudice.

For this reason alone, we reverse and remand the case to the trial court for the owner to be given an opportunity to amend the verified complaint.

The owner also argued the trial court erred in denying her request to enforce the association bylaws. The owner maintained that the board members' inclusion on the ballot violated the association's by-laws, as amended in 1986 to impose board member term limits. The defendants responded that the 1986 amendments were invalid and had never been enforced. They further argued the issue was moot as the election took place before the hearing on the motion. The owner replied that the defendants' challenge to the 1986 amendment was barred by the statute of limitations.

We have de novo review of this issue. *Carlin v. State*, 939 So. 2d 245, 247 (Fla. 1st DCA 2006).

The owner's motion to enforce the bylaws sought to prevent the re-election of the board of directors then scheduled for February 22, 2016. The hearing on the motion took place in April, 2016. In denying the owner's motion, the trial court found the election of the same board of directors rendered the motion moot. This was a proper basis for dismissal given that the specific controversy that was the subject of the owner's motion, the inclusion of the board directors on the ballot, no longer existed. *See Godwin v. State*, 593 So. 2d 211, 212 (Fla. 1992) (defining mootness and articulating three exceptions to an otherwise moot case, but holding the issue in the case was not moot). Upon remand, the owner may address the eligibility of these board members in her amended complaint.

Because we are remanding to give the owner an opportunity to amend the verified complaint, we note the following pleading deficiencies raised by the various defendants. Count one alleged a breach of fiduciary duty against the association, a duty which does not exist. *Towerhouse Condo., Inc. v. Millman*, 475 So. 2d 674, 676 (Fla. 1985).

The dismissal of the holding companies as to counts one and two appears to have been correct as they are not alleged to have breached any duty. The dismissal in favor of the three board members individually is correct as they may be allegedly liable only in their representative capacity for breach of their fiduciary duty as officers and directors. *See* § 617.0834, Fla. Stat. (2016).

Upon remand, the owner shall be given an opportunity to correct these pleading deficiencies.

5

*Affirmed in part; reversed in part; and remanded.*

GROSS and FORST, JJ., concur.

*         *         *

**Not final until disposition of timely filed motion for rehearing.**