# FIRST DISTRICT COURT OF APPEAL
# STATE OF FLORIDA

_____

No. 1D16-5878
_____

IEZZI FAMILY LIMITED
PARTNERSHIP,

    Appellant,

    v.

EDGEWATER BEACH OWNERS
ASSOCIATION, INC., a Florida not
for profit corporation; SUZANNE
HARRIS; STEPHEN E. BURGIN;
ROBERT D. MILLER, a/k/a R.D.
MILLER; WILLIAM R. TERRY, SR.;
FRANK T. FOSTER; LAWRENCE A.
COX; and HARRY E. LOGUE,

    Appellees.

_____

On appeal from the Circuit Court for Walton County.
Jeffrey E. Lewis and Thomas R. Santurri, Judges.

August 1, 2018

WINOKUR, J.

Iezzi Family Limited Partnership ("Iezzi"), owner of a condominium in the Edgewater Beach Condominiums, filed a 27-count complaint against the condominium's Association and seven current or former directors or officers of the Association ("Directors"), seeking both equitable and legal relief. The trial court dismissed Iezzi's action, finding that its claims were

derivative and Iezzi did not comply with derivative pre-suit requirements. On appeal, Iezzi argues that its actions were brought under a statute specific to condominiums, outside of the purview of the derivative procedures. We affirm, and hold that members of not-for-profit condominium associations may not avoid pre-suit requirements for derivative actions.

## I. BACKGROUND

A condominium[1] association incorporated under chapter 617, Florida Statutes, the "Florida Not For Profit Corporation Act," is generally subject to its laws. § 617.1703, Fla. Stat. The members of these associations are the condominium unit owners, and the officers and directors of the associations owe these members certain fiduciary responsibilities. *See* § 718.111, Fla. Stat. However, the association has broad powers and duties, including all of those set forth in chapter 617, unless otherwise noted. *Id.*

Section 617.07401, Florida Statutes, restricts the ability of members to bring lawsuits "in the right of" their non-for-profit corporation. Members must bring their complaints to the board of directors to allow the corporation to conduct investigations and initiate a lawsuit. *Id.* If the corporation proves that it has conducted an independent and reasonable investigation, and determines in good faith that a lawsuit is not in the best interests of the corporation, a court may dismiss the proceeding. *Id.*

Section 718.303(1), Florida Statutes, provides a cause of action for damages or equitable relief that may be pursued by either an association or unit owner. Liability for violating chapter 718 or the association's governing documents may be imposed on the association, unit owners, directors, and tenants. § 718.303, Fla. Stat. The broad language of this statute encompasses a wide variety of violations.

---

[1] "The condominium is a hybrid estate in property law whereby an individual obtains fee simple ownership of a unit and shares with other unit owners an undivided interest in the common elements." *Rogers & Ford Const. Corp. v. Carlandia Corp.*, 626 So. 2d 1350, 1352 (Fla. 1993).

2

Iezzi's complaint alleges that the Association acted improperly and the Directors breached their fiduciary duties, resulting in various illegal expenditures and assessments, and losses of Association funds. Iezzi argues that to limit section 718.303(1) actions by requiring that they comply with the pre-suit requirements of section 617.07401, would necessarily create a conflict between the statutes. As Iezzi asserts, if the sections do conflict, the provisions of chapter 718 must control. *See* § 617.1703, Fla. Stat.; *see also Heron at Destin W. Beach & Bay Resort Condo. Ass'n, Inc. v. Osprey at Destin W. Beach*, 94 So. 3d 623, 631 (Fla. 1st DCA 2012).

## II. ANALYSIS

Because it "is axiomatic that statutes must be read with other related statutes," and courts must "construe related statutory provisions in harmony with one another" when possible, we conclude that sections 718.303(1) and 617.07401 do not conflict. *See Abbott Labs. v. Mylan Pharm., Inc.*, 15 So. 3d 642, 657 (Fla. 1st DCA 2009) (quoting *State v. Negrin*, 306 So. 2d 606, 607 (Fla. 1st DCA 1975); *Forsythe v. Longboat Key Beach Erosion Control Dist.*, 604 So. 2d 452, 455 (Fla. 1992)).

In Part A, we define derivative actions and note that plaintiffs may not evade pre-suit requirements by labeling their complaints a certain way. In Part B, we examine the application of common-injury claims to condominiums since chapter 718's enactment in 1976. Part C discusses the enactment of section 617.07401 in 2009, and the limited case law following it. We conclude by finding that section 617.07401 applies to the instant action and Iezzi's failure to comply with its requirements merits dismissal.

## A. *Derivative Actions*

A derivative suit has been defined as an action in which a stockholder seeks to enforce a right of action *existing in the corporation*; the injury sustained by the stockholder bringing such suit is basically the same as

the injury sustained by other stockholders in the corporation.

*Leppert v. Lakebreeze Homeowners Ass'n, Inc.*, 500 So. 2d 252, 252 (Fla. 1st DCA 1986) (emphasis in original).[2]

Iezzi acknowledges that its actions fit this description. It further acknowledges that compliance with derivative procedures has been required in the condominium context. *See Collado v. Baroukh*, 226 So. 3d 924, 926 (Fla. 4th DCA 2017) (holding that condominium owner's "[n]oncompliance with the pre-suit requirements of section 617.07401 mandates dismissal of the suit"). Iezzi contends that the plaintiff in *Collado* chose to bring her action as a derivative claim, whereas Iezzi does not bring its action pursuant to the derivative-claim statute. But plaintiffs may not decide that they are not subject to statutory requirements merely by labeling their allegations in an effort to avoid them. *See S. Miami Hosp., Inc. v. Perez*, 38 So. 3d 809, 811 (Fla. 3d DCA 2010) (rejecting the plaintiff's "disingenuous[] attempts to avoid" pre-suit requirements for medical malpractice actions by "recharacterizing" the allegations); *Dr. Navarro's Vein Ctr. of Palm Beach, Inc. v. Miller*, 22 So. 3d 776, 778 (Fla. 4th DCA 2009) (holding that the "factual allegations belie[d] the conclusory legal allegations," and, "despite the plaintiff's creative dance around the obvious, this complaint alleges a claim of medical negligence").

The plaintiff in *Leppert* brought suit against her homeowners association alleging "corporate mismanagement, invalidity of the bylaws, and a need for court supervision of all

---

[2] *See also Dinuro Invs., LLC v. Camacho*, 141 So. 3d 731, 738-41 (Fla. 3d DCA 2014) (holding that Florida requires a direct harm and special injury to a corporation member, or a special duty owed, for a member to maintain an individual action compared to a derivative one); *Braun v. Buyers Choice Mortg. Corp. ex rel. McAloon*, 851 So. 2d 199, 203 (Fla. 4th DCA 2003) (holding that the claims were derivative because the body of the complaint alleged injuries that equally affected other corporation shareholders).

4

corporate expenditures." 500 So. 2d at 252. She argued that her action was not derivative because she brought it individually and sought redress for injuries she sustained directly. *Id.* This Court reviewed the substance of the allegations made, noting that "the character of the suit is to be determined from the gravamen of the complaint." *Id.* We held that the claim was derivative, finding that the injury alleged was not distinct from other homeowners and any harm was primarily against the corporation. *Id*; *see also Fox v. Prof'l Wrecker Operators of Florida, Inc.*, 801 So. 2d 175, 179 (Fla. 5th DCA 2001) ("[T]he injury is the determining factor in deciding whether a claim is direct or derivative; if the injury is to the corporation, and only indirectly harms the shareholder, the claim must be pursued as a derivative claim."). The substance of the allegations made, and not what they are labeled, determines the action.

B. *Common Injury Claims & Condominiums: 1976-2009*

The standing of individual condominium owners to allege violations of fiduciary duties owed to associations has been limited since the inception of chapter 718. In *Avila S. Condo. Ass'n, Inc. v. Kappa Corp.*, 347 So. 2d 599, 602, 605 (Fla. 1977),[3] a condominium association and several individual plaintiffs sued three of the original owners, developers, and officers of the condominium, alleging self-dealing and other improper acts. The supreme court noted that "the allegation, boiled down, is that a fiduciary duty owed to the Association was breached." *Id.* at 609. Because the individual plaintiffs pled no injury distinct from that to the association, only the association could bring suit. *Id.*

Since *Avila*, many unit owners alleging injuries common to others have found success in court, but these suits largely fall into two categories: those seeking equitable relief and those brought in a representative capacity.

---

[3] We note that although both sections 718.111 and 718.303 have been repeatedly amended since 1976, there have been no changes relevant to the issues before us, and Iezzi does not contend otherwise.

Many courts have permitted condominium unit owners to seek equitable relief from their associations and directors, especially when the alleged injury is to common areas of the condominium. *See*, *e.g.*, *Hobbs v. Weinkauf*, 940 So. 2d 1151 (Fla. 2d DCA 2006) (holding that owners could seek equitable relief based on association's failure to comply with statutory accounting requirements); *Sheoah Highlands, Inc. v. Daugherty*, 837 So. 2d 579 (Fla. 5th DCA 2003) (unit owners complaint that other owners erected non-compliant screen enclosures on common property required them to be removed); *Islandia Condo. Ass'n, Inc. v. Vermut*, 501 So. 2d 741 (Fla. 4th DCA 1987) (association's unauthorized repainting of buildings required owners' vote to decide whether to repaint buildings back to original color).

Other cases have found standing when the plaintiffs have represented more than their own individual interests. *See Rogers & Ford Const. Corp. v. Carlandia Corp.*, 626 So. 2d 1350, 1354 (Fla. 1993) ("Appellate decisions indicate that actions with respect to common areas or common elements of condominiums have been brought either as class actions, derivative actions, or by a unit owner joined by the condominium association and/or other unit owners."). In *Rogers*, the supreme court determined that an owner could sue developers or general contractors over a common injury "only after ensuring that the interests of the other unit owners are represented in the action," but specifically declined to address whether individual owners could sue the association or directors for breaching fiduciary duties. *Id.* at 1355 & 1355 n.7.

Iezzi points to the above cases and others similar for support, while its own suit seeks legal damages and was brought in a purely individual capacity.

C. *Enactment of Section 617.07401*

Despite a possible 1993 attempt to prohibit members of not-for-profit corporations from bringing derivative actions,[4] they

---

[4] For a discussion of the 1993 amendment to chapter 617, and its effect, *see Larsen v. Island Developers, Ltd.*, 769 So. 2d 1071 (Fla. 3d DCA 2000), and *Fox*, 801 So. 2d at 179.

were continually permitted, although perhaps to a lesser extent in the condominium context. Not until 2009 did the Legislature enact section 617.07401, providing a pre-suit process for members to bring derivative claims in the right of not-for-profit corporations. *See* Ch. 09-205, § 24, at 2060, Laws of Fla.

This statute resolves the representative issues discussed in *Rogers*. Section 718.303(1) permits condominium unit owners and associations to take action against each other, as well as directors and tenants. But if the claims are derivative, plaintiffs must comply with the requirements necessary for any not-for-profit corporation under section 617.07401. This legislative requirement resolves the "numerous practical problems" discussed by the supreme court in *Rogers* regarding individuals bringing common-injury claims. 626 So. 2d at 1354 (including "determining the appropriate measure of damages to the unit whose owner sued, as distinct from the remaining units; allocating the recovered damages; litigating multiple lawsuits; incurring unnecessary costs incident to having multiple trials; having potentially contradictory adjudications; expediting resolution of controversies; and accomplishing repairs").

Little case law discussing section 617.07401 has developed since its inception. In *Sharma v. Ramlal*, 76 So. 3d 955 (Fla. 2d DCA 2011), members and directors of a not-for-profit corporation sued the president of the corporation and the corporation itself, alleging breaches of fiduciary duties and fraud, among other charges. In a concurrence, Judge LaRose questioned the plaintiffs' standing, noting that their cause of action appeared to belong to the corporation, and they did not allege compliance with section 617.07401. *Id at* 956-57 (LaRose, J., concurring); *see also Udick v. Harbor Hills Dev., L.P.*, 179 So. 3d 489, 491 (Fla. 5th DCA 2015) (noting that derivative suit requirements apply to corporations not for profit); *Collado*, 226 So. 3d at 927 (holding that condominium owner's action did not adequately comply with section 617.07401).

Iezzi cites *MacKenzie v. Centex Homes,* 208 So. 3d 790, 791 (Fla. 5th DCA 2016), which dealt with a homeowners association and an analogous cause-of-action statute. The plaintiff filed an action for a declaratory judgment against the association and

7

Centex Homes, which was then in control of the association, alleging that Centex Homes failed to make statutorily required monetary contributions to the association. *Id.* at 791-92. Centex Homes argued that the Mackenzies did not have standing because any recovery stemming from a declaratory judgment would go to the association and not the Mackenzies. *Id.* at 793. The Fifth District found standing, concluding that an increase in the association's accounts lessened the chance of a special assessment on the homeowners in the future, and thus, the plaintiffs had a "bona fide interest in the account." *Id.*

We find that *Mackenzie* does not apply here for three reasons. First, *MacKenzie* does not carry the same concerns apparent in *Rogers* regarding plaintiffs representing unit owners similarly injured. While the declaratory action in *Mackenzie* was brought individually, its success would benefit the entire class; the plaintiffs' success would result in an influx of funds for the association, giving every homeowner potential relief in the form of reduced assessments. In contrast, here, success against the Association and/or Directors would result only in relief for Iezzi. Second, the factual posture of the instant case is more analogous to *Leppert* and *Avila*, both of which held that the directors' alleged violations of fiduciary duties were derivative claims. Third, there is no indication that the defendant made any argument as to compliance with derivative pre-suit requirements.

## III. Conclusion

Iezzi claims injuries not distinct from any other unit owner, and seeks legal damages for its exclusive benefit. This is a derivative action, and because sections 718.303(1) and 617.07401 do not conflict, the court did not err in dismissing Iezzi's complaint because Iezzi did not comply with section 617.07401 pre-suit requirements. We affirm, and repeat the principle that the substance of the allegations made in a complaint determines the nature of the action.

AFFIRMED.

B.L. THOMAS, C.J., and MAKAR, J., concur.

8

_____

*Not final until disposition of any timely and authorized motion under Fla. R. App. P. 9.330 or 9.331.*

_____


Gary A. Shipman, Robert L. Kauffman, and Lana Hillis, Dunlap & Shipman, P.A., Santa Rosa Beach, for Appellant.

Mary K. Simpson and Amanda W. Gay, Guilday, Simpson, West, Hatch, Lowe & Roane, P.A., Tallahassee, for Appellees.