DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**PETER MINEO** and **DIANE MINEO,**
Appellants,

v.

**MINH BINH DO** and **MINDY HANG NGUYEN,**
Appellees.

No. 4D2024-3192

[May 6, 2026]

Appeal from the Circuit Court for the Seventeenth Judicial Circuit, Broward County; Mark A. Speiser, Judge; L.T. Case No. 062022CA004206AXXXCE.

Adam G. Rabinowitz of Moore Rabinowitz Law, Plantation, and Peter Mineo, Jr., of The Mineo Salcedo Law Firm, Davie, for appellants.

Alen H. Hsu and Jeremy S. Rosner of Weiss Serota Helfman Cole & Bierman, P.L., Boca Raton, for appellees.

LEVINE, J.

This case involves a dispute between two homeowners who live in the same community. Appellants, who are not on the same street as appellees, complain about appellees' parked recreational vehicle ("RV"). Appellants claim that the visible RV lowers the value of their home and other homes in the community. Appellants assert that appellees are not in compliance with the homeowners association ("HOA") rules. Appellants asked for injunctive relief under section 720.305, Florida Statutes (2021), which allows members of an HOA to sue other HOA members to redress injuries suffered by the member.

Not so fast, say appellees. Appellees, relying on the HOA's assurance, respond that they were, in fact, in compliance with the HOA rules. In moving for summary judgment, appellees argued that appellants have not complied with section 617.07401, Florida Statutes (2021), which governs derivative suits, where the injury is sustained by the HOA, rather than the individual member. The trial court agreed with appellees, determining that appellants lacked standing to proceed, finding that the alleged injury

was to all HOA members and not to just appellants. The trial court concluded that this cause of action was a derivative suit and appellants had failed to comply with the pre-suit requirements of section 617.07401.[1] The trial court is correct. Appellants' claim was derivative and, therefore, appellants needed to comply with section 617.07401. We affirm.

An order granting summary judgment is reviewed de novo. *Maguire-Ress v. Stettner*, 268 So. 3d 171, 172 (Fla. 4th DCA 2019).

On appeal, appellants contend that section 720.305 authorizes members of an HOA to bring suit, at law or in equity, against another member to redress noncompliance with the association's governing documents. Appellants maintain that because section 720.305 provides this right, the requirements under section 617.07401 for a derivative action do not apply.

Section 720.305, Florida Statutes, provides HOA members with a statutory right to bring individual actions, at law or in equity, against the HOA or other members to redress failures to comply with chapter 720, the association's governing documents, or its rules. Courts have recognized that actions brought under section 720.305 may proceed as individual claims where the plaintiff seeks to remedy a personal injury. In *Roebuck v. Sills*, 306 So. 3d 374, 377 (Fla. 1st DCA 2020), an HOA member sued a neighbor for violating the association's declaration by creating a nuisance in a manner that directly affected his property when the neighbor installed pool equipment directly below the member's bedroom window. Because the member sought relief for an injury personal to him, rather than an injury to the association, which was unaffected by the installed equipment, the action was brought as an individual claim under section 720.305. *Id.* at 379.

Section 617.07401, Florida Statutes, governs derivative actions brought by members of not-for-profit corporations, including HOAs. *See also Udick v. Harbor Hills Dev., L.P.*, 179 So. 3d 489, 491 (Fla. 5th DCA 2015). A derivative action is one brought to enforce a right belonging to

---

[1] On appeal, appellants argue that appellees failed to adequately raise the affirmative defense of lack of standing based on non-compliance with section 617.07401. Because this argument was not raised below, appellants waived appellate review. *See Tillman v. State*, 471 So. 2d 32, 35 (Fla. 1985) ("[T]o be preserved for further review by a higher court, an issue must be presented to the lower court and the specific legal argument or ground to be argued on appeal or review must be part of that presentation if it is to be considered preserved.").

the association and to redress an injury suffered by the association as a whole, rather than by an individual member. *Id.*; *see also Leppert v. Lakebreeze Homeowners Ass'n,* 500 So. 2d 250, 252 (Fla. 1st DCA 1986) (defining a derivative action as one in which a member seeks to enforce a right of the corporation where the injury is common to all members). Section 617.07401 imposes strict pre-suit requirements, including a written demand on the board of directors and a ninety-day waiting period, unless irreparable injury would result. *See Ezer v. Holdack,* 358 So. 3d 429, 430-31 (Fla. 4th DCA 2023).

We find that the injury presented here is derivative in nature. The appellants have not alleged an injury separate and distinct from other members of the HOA. The alleged injury of the parked RV is suffered by the members of the HOA as a whole. Thus, the issue presented here is whether a derivative action brought under section 720.305 requires compliance with section 617.07401.

Section 720.302(5), which sets out the purposes, scope, and application of chapter 720, Homeowners' Associations, provides:

> Unless expressly stated to the contrary, corporations that operate residential homeowners' associations in this state shall be governed by and subject to part I of chapter 607, if the association was incorporated under that part, *or to chapter 617*, if the association was incorporated under that chapter, and this chapter. This subsection is intended to clarify existing law.

*Id.* (emphasis added).

Consequently, we read chapters 720 and 617 in pari materia. *See Tsuji v. Fleet,* 366 So. 3d 1020, 1025 (Fla. 2023) (providing that when interpreting multiple statutory provisions courts "must give full effect to all statutory provisions and construe related statutory provisions in harmony with one another").

In this regard, *Iezzi Family Limited Partnership v. Edgewater Beach Owners Ass'n,* 254 So. 3d 584 (Fla. 1st DCA 2018), is instructive. There, the First District addressed an analogous issue when a condominium unit owner sued the directors of the association under section 718.303, Florida Statutes. *Id.* at 585. Chapter 718 provides rights to condominium owners similar to those afforded to HOA members under section 720.305. *See* § 718.303, Fla. Stat.

3

The court in *Iezzi* held that, although section 718.303 creates a cause of action, it does not displace section 617.07401 when the substance of the claim is derivative. 254 So. 3d at 589. Thus, where a claim is derivative in nature, a plaintiff must still comply with the statutory pre-suit requirements of section 617.07401.[2]

We find this reasoning equally applicable to actions brought under section 720.305. While section 720.305 authorizes members to bring a claim for personal injury, it does not eliminate the requirement to comply with section 617.07401 when the claim asserted is derivative in nature.

Here, we agree with the trial court that appellants' claim is derivative and that appellants failed to comply with the pre-suit requirements of section 617.07401.[3] Accordingly, we affirm.

*Affirmed.*

CONNER and SHEPHERD, JJ., concur.

*     *     *

**_Not final until disposition of timely-filed motion for rehearing._**

---

[2] Appellants maintain that this case is distinguishable from *Iezzi*, where equitable and legal relief was sought, because they seek only equitable relief. 254 So. 3d at 585. This argument fails. The court in *Iezzi* did not rely on the type of relief sought in reaching its holding. *Id.*

[3] Because we find appellants do not have standing to proceed, we do not reach the merits or offer any opinion on their suit.