PER CURIAM.
Appellants, Equity Premium Inc., Puritan Budget Plan, Inc., and Perry & Co. (collectively referred to as “the PFCs”), appeal from the trial court’s order granting motions to dismiss filed by appellees, Twin City Fire Insurance Co. (“Twin City”) and Florida Automobile Joint Underwriting Association (“FAJUA”). We reverse.
The PFCs are licensed premium finance companies who financed various private passenger automobile insurance policies issued by Twin City. Premium finance companies provide financing for insureds seeking to enter into insurance contracts with insurance companies who are authorized to issue policies in this state. An insured will enter into an insurance contract with an insurer, typically at an insurance agency. At the same time, the insured enters into a premium finance contract with the PFC. The PFC finances the premiums for the insured and then sends a check to the insurance company.
The PFCs filed a complaint against Twin City, seeking class action status, to recover interest allegedly owed to them by Twin City. Specifically, the PFCs alleged that Twin City (1) cancelled the policies of various insureds at the request of the PFCs in 1999, and (2) maintained a business practice of intentionally delaying the return of unearned premiums due the PFCs and class members, depriving the PFCs of the use of their money, while itself gaining the benefit of earning interest. In the complaint, the PFCs sought a declaratory judgment to determine whether Twin City violated Florida law by not including interest in its unearned premium refunds to the PFCs and whether the PFCs were entitled to interest on the unearned premium refunds (Count I). Count II alleged Twin City deprived the PFCs of ownership of unearned premium interest and sought a refund of this interest. Count III sought damages for breach of contract, claiming the PFCs have an assignment of the right to receive unearned premiums under the policy and Florida law in the event of a cancellation, and Twin City’s failure to pay interest on the unearned premium refunds violated Florida law and breached the insurance contracts.
Subsequently, the PFCs filed a first amended complaint adding FAJUA as a defendant. Twin City filed a motion to dismiss the first amended complaint on multiple grounds including that the PFCs failed to attach the relevant insurance policies as required by Florida Rule of Civil Procedure 1.130. FAJUA also filed a motion to dismiss, adopting Twin City’s arguments.
After a hearing, the trial court entered an order granting Twin City and FAJUA’s motions to dismiss and dismissing the PFCs’ case with prejudice. The trial court’s order is silent as to the basis for the dismissal. The PFCs argue, inter alia, that dismissal with prejudice was inappropriate because they alleged in their complaint that the subject insurance policies were not in their possession, but would be produced through discovery. We agree.
In Kreizinger, P.A. v. Schlesinger, P.A., 925 So.2d 431 (Fla. 4th DCA 2006), this court explained:
*1259 The standard of review of orders granting motions to dismiss with prejudice is de novo. MEBA Med. & Benefits Plan v. Lago, 867 So.2d 1184, 1186 (Fla. 4th DCA 2004). “In order to state a cause of action, a complaint must allege sufficient ultimate facts to show that the pleader is entitled to relief.” Id. A court may not go beyond the four corners of the complaint and must accept the facts alleged therein as true. Samuels v. King Motor Co. of Fort Lauderdale, 782 So.2d 489, 494 (Fla. 4th DCA 2001).
Kreizinger, P.A., 925 So.2d at 432-33.
The issues in this case may turn on provisions of the applicable insurance contracts yet to be discovered by the PFCs. We, therefore, conclude that dismissal with prejudice was improper and premature. Accordingly, we reverse, remand and direct the trial court to vacate its order dismissing this case and conduct further proceedings consistent with this opinion.

Reversed and Remanded with Directions.

WARNER, KLEIN and HAZOURI, JJ., concur.