FARMER, J.
The owner of land and the operators of a marina thereon (clients) engaged a company offering professional surveying services to do several surveys over the years to delineate the property lines on which the marina did business. The adjoining property was owned by Broward County, who notified clients after several surveys had been done that some improvements made in reliance on the surveys were encroaching on its land. Clients sued the surveyors for damages arising from breach of contract, professional malpractice, and various theories of negligence. Ultimately the trial court dismissed all claims for failure to state a cause of action. We reverse.
Between 1997 and 2004, surveyors produced nine separate surveys, all of which certified that a ten foot strip of land on the west side of the property was within the property’s boundary line. All surveys were accompanied by a surveyor’s certificate affirming that the survey was correct in all respects, an accurate depiction of the boundary lines, and that there were no encroachments onto any adjacent property. In reliance on surveys, the owner first purchased the land and leased it to the marina, and then the improvements were built. Clients sought the final survey to obtain a loan for further improvements secured by a mortgage on the land.
The initial complaint[1] sued the company and two of its surveyors (collectively surveyors). It alleged two basic causes of action against each defendant: breach of oral contract and professional malpractice. The allegations of each breach of contract claim are identical, as are each professional malpractice claim. The professional malpractice claims specifically alleged that defendants were licensed surveyors under section 471.023, Florida Statutes; that all owed a duty as licensed surveyors to perform their engagement with the same level of skill and accuracy as any professional so licensed under the statute; and that they *825 had deviated from that duty and caused damages.
Surveyors responded by moving to dismiss the claims for failure to state a cause of action for breach of oral contract, to strike pleadings, and for a more definite statement. They contended that the breach of oral contract claims were barred by the statute of limitations, and the professional malpractice claims were inconsistent, as well as conflicting and repugnant with the other claims. That motion to dismiss was granted, but with leave to amend.
The second amended complaint included the same breach of oral contract and professional malpractice claims, with some minor additions. Apart from those claims, the new pleading added two new claims: one for gross negligence/fraudulent concealment combined into a single claim, and the other for negligent misrepresentation. Surveyors again moved to dismiss, making the same arguments as before. At the conclusion of the hearing the trial judge orally stated his decision was to grant their motion. Specifically he found the oral contract claims time-barred. As to the professional malpractice claims he found that as pleaded they did not state a cause of action. In announcing his decision on the record, he again allowed pleadings to be further amended.
A written order on the dismissal of the second amended complaint was not entered until three months later. When submitted to the judge it was labeled agreed order. Contrary to the court’s pronouncement at the hearing to allow further amendment, it stated that the dismissal of some claims was “with prejudice”. Because the meaning of the quoted words is the source of some controversy, we set forth the order’s dispositive part:
“1. Counts I, III, V, VII for Breach of Oral Contract which have been filed against [surveyors] are dismissed with prejudice.
“2. Counts II, IV, VIII for Professional Malpractice which have been filed against [surveyors] are dismissed with prejudice specifically with respect to services performed by said company and/or individuals as licensed surveyors and mappers pursuant to Florida Statutes § 472.015. This dismissal shall not affect plaintiffs’ entitlement to bring a claim for professional malpractice pertaining to services performed to any other license and/or statute.”
The order further specified that the dismissals of the claims for gross negligence/fraudulent concealment and negligent misrepresentation were without prejudice.
Clients filed a third amended complaint containing three causes of action. The first one, simple negligence, alleges that the surveys were inaccurate; that surveyors failed to properly advise clients of errors in multiple surveys; that surveyors failed to warn against making improvements in the encroaching area; and that surveyors negligently verified each survey. The second cause of action, negligence per se, alleges that each defendant’s performance as a surveyor for clients consisted of the same failures alleged in the negligence counts; that their performance fell below the minimum standards for surveying and mapping authorized by § 472.027, Florida Statutes; and that each defendant is personally liable for negligence per se for the failure to perform according to those minimum standards, and for misconduct or wrongful acts committed in the performance of surveying. The third cause of action, negligent misrepresentation, alleges that each defendant misrepresented the boundary of the property as well as the absence of encroachment; that clients reasonably relied on those misrepresentations *826 to their damage; and that each defendant is personally liable for the misrepresentations negligently made in the course of performance as a surveyor.
Surveyors again moved to dismiss. First they argued the new pleading was an improper attempt to circumvent the order dismissing the second amended complaint “with prejudice”. All claims, they further contended, are barred by the economic loss rule (ELR). Next they contended that surveyors are not “professionals” within the meaning of the Florida Supreme Court’s exemption from the ELR. Finally they contended that the doctrine of negligence per se is not applicable because the statutes cited merely allow violations to be evidence of negligence but do not constitute negligence per se. The trial court accepted these arguments and dismissed all remaining claims with prejudice.
A threshold issue is the argument that the words “with prejudice” in the order dismissing the second amended complaint bar clients from appealing the dismissal of claims in the third amended complaint. Defendants are mistaken. In context, it is clear that the words “with prejudice” mean only that plaintiffs were willing to forego the right to further amend the designated claims contained in the second amended complaint and accept the court’s dismissal for failure to state a cause of action as final on the subject of the legal sufficiency of those claims. See Al-Hakim v. Holder, 787 So.2d 989 (Fla. 2d DCA 2001) (dismissal with prejudice for failure to state cause of action not warranted unless pleader is given opportunity to amend); Mendelson v. City of Miami Beach, 386 So.2d 1276 (Fla. 3d DCA 1980) (where plaintiffs were permitted an amendment to complaint and did not seek further amendments in trial court, claim that did not state cause of action properly dismissed with prejudice).
In other words, by agreeing to the inclusion of the words “with prejudice” as to the designated claims, plaintiffs abandoned further attempts to justify the sufficiency of them, leaving them with only the right to appeal the dismissal. We reject the argument that on appeal clients are barred from raising the issue of the sufficiency of the claims in the second amended complaint dismissed with prejudice. See Mendez v. West Flagler Family Ass’n, 303 So.2d 1 (Fla.1974) (order finally disposing of claim interdependent with other pending claims not appealable); Fla. R. App. P. 9.110(k) (partial final judgments reviewable either on appeal from the partial final judgment or on appeal from the final judgment in the entire case); Jimenez v. Cmty. Asphalt Corp., 947 So.2d 532, 532-33 (Fla. 4th DCA 2006) (under Mendez order disposing of separate and distinct cause of action interdependent with other claims still pending not immediately appealable); Pellegrino v. Horwitz, 642 So.2d 124 (Fla. 4th DCA 1994) (final orders dismissing fewer than all of interrelated claims involving same transaction and parties are not appealable).
The only question is whether clients’ pleadings alleged sufficient facts to support their claimed causes of action. We review this issue de novo. Goodall v. Whispering Woods Center, L.L.C., 990 So.2d 695 (Fla. 4th DCA 2008) (de novo standard of review is applied to order dismissing cause of action for insufficiency of pleading). The test for a motion to dismiss under rule 1.140(b)(6) is whether the pleader could prove any set of facts whatever in support of the claim. Hillman Const. Corp. v. Wainer, 636 So.2d 576 (Fla. 4th DCA 1994).
We come at last to the legal basis underlying the trial court’s dismissal of the professional malpractice and negligence claims. In Moransais v. Heathman, 744 *827 So.2d 973 (Fla.1999), the court held that the ELR may not be applied to “professionals”. Surveyors argue that, when the surveys were performed and certified, they were not deemed professionals for purposes of application of the ELR.
Surveyors contend that the earlier decision in Garden v. Frier, 602 So.2d 1273 (Fla.1992), supports their ELR argument. There, clients sued a surveyor for negligently performing a survey. The surveyor raised the defense of limitations. The trial court dismissed the action because the statute of limitations requiring that claims for “professional malpractice” must be commenced within two years barred the claims. On review in the supreme court, the only issue was whether surveyors were deemed professionals as that term was used in the statute of limitations. The Garden court defined the term professional in the statute of limitations as “any vocation requiring at a minimum a four-year college degree before licensing is possible in Florida.” 602 So.2d at 1275. Applying this definition to the limitations defense, the Court held that land surveyors were not professionals because it was possible to become a licensed surveyor without first obtaining a four-year degree but explicitly limited its holding:
“We limit the definition of ‘professional’ set forth above to the context of the professional malpractice statute. It is not our intent that this definition be applied to any other reference to ‘professionals’ or ‘professions’ elsewhere in the Florida statutes, regulations, or rules, or in court cases that deal with issues other than the statute of limitations at issue here. We recognize that there may be occasions when courts, legislators, rulemaking authorities, and others may use the terms ‘profession’ and ‘professional’ more broadly or more narrowly than we do here today.” [e.s.]
602 So.2d at 1277 (footnote omitted). Surveyors argue that Garden must be applied to the later arising Moransais exception to the ELR. We do not agree.
We take the supreme court at its word. Garden limited the non-professional designation for surveyors to only the statute of limitations. As the court made clear, it did not intend for its holding to be applied in any other context. This appeal does not involve any application of the statute of limitations.
Moreover, although the surveyor regulatory and licensure statutes did not then require a four-year college degree, we note that long before the 2005 amendment adding the college degree requirement,[2] the Legislature had used the term professional to apply to the regulation and licen-sure of surveyors. See e.g. § 472.005(3), Fla. Stat. (1994) (term “Land Surveyor” includes term “Professional [e.s.] Land Surveyor”); § 472.007, Fla. Stat. (1995) (statute entitled “Board of Professional [e.s.] Surveyors and Mappers”). Obviously from these older statutes, there is at least a strong general sense in which the Legislature deemed surveyors as professionals many years before it added the college degree requirement.
Common law authority is in the same vein. See Carr Smith & Assoc. Inc. v. Fence Masters, Inc., 512 So.2d 1027, 1028 (Fla. 3d DCA 1987) (holding “surveyors, like other professionals may be held liable for their negligent acts”). To like effect is Cristich v. Allen Engineering, Inc., 458 So.2d 76 (Fla. 5th DCA 1984), where the court noted that:
*828 “land surveying requires a great degree of specialized knowledge.... [T]he preparation of a survey, involving as it does such intricate knowledge of mathematics, geography and the physical sciences, is a ‘professional act.’ ”
458 So.2d at 79. As the court further explained:
“Land surveying is regulated by the Board of .Land Surveyors, Department of Professional Regulation, pursuant to Chapter 472, Florida Statutes (1981). Section 472.005 includes the following definition: (4)(a) ‘Practice of land surveying’ means, among other things, any professional service or work, the adequate performance of which involves the application of special knowledge of the principles of mathematics, the related physical and applied sciences.... ”
458 So.2d at 78-79.
This sense is understandable when one compares kindred professions like architecture and engineering. As with architects and engineers, surveyors are engaged by clients to perform a skilled service solely under their control and competence. Their clients do not direct or specify them manner of performance in the same way, for example, a factory boss might direct and control production line personnel. The service to be performed by a surveyor is one requiring special education, training, experience and skill. Because of that fact the client is not competent to perform the service personally or to direct the person engaged to perform that service in any particular way. Their engagement contracts give clients of the professional no power of direction or manner, and leave performance up to the skill and expertise of the professional. Because the contracts lack such specifications, it would be incoherent to apply the ELR to these professionals. An action for professional malpractice is indeed the client’s remedy.
It follows, therefore, that it was error to dismiss clients’ claims for professional malpractice at the pleading stage. Florida pleading rules require only the allegation of ultimate facts stating a cause of action. See Fla. R. Civ. P. 1.110(b). The pleadings in this case met at least that requirement. As for the later added negligence, negligence per se and negligent misrepresentation claims, clients assert that they were induced by surveyors’ negligent misrepresentations as to the boundary and lack of encroachments to repeatedly engage them when they required professional surveys. We agree that them allegations contain a sufficient aspect of inducement to be exempt from the ELR. Allen v. Stephan Co., 784 So.2d 456, 457 (Fla. 4th DCA 2000).

Reversed for further consistent proceedings.

GROSS, C.J., and DAMOORGIAN, J., concur.

. Plaintiffs amended their initial pleading less than 10 days after filing. The change is not relevant to the issues in this appeal.

. See § 472.013, Fla. Stat. (2005) (fixing academic requirements for licensure as land surveyor).