DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT
*July Term 2014*

**DR. SCOTT J. SWERDLIN,**
Appellant,

v.

**FLORIDA MUNICIPAL INSURANCE TRUST,**
Appellee.

No. 4D13-1759

[October 15, 2014]

Appeal from the Circuit Court for the Fifteenth Judicial Circuit, Palm Beach County; Jack S. Cox, Judge; L.T. Case No. 502012CA021807.

Robert H. Friedman of Friedman P.A., Palm Beach, for appellant.

Lamar D. Oxford of Dean, Ringers, Morgan & Lawton, Orlando, for appellee.

GERBER, J.

The plaintiff appeals from the circuit court's orders: (1) granting the defendant's motion to dismiss his breach of insurance contract action with prejudice; and (2) denying the plaintiff's motion for defense cost determination under section 627.426(2)(b)3., Florida Statutes (2012) ("Reasonable fees for the [insured's] counsel may be agreed upon between [the insured and the liability insurer] or, if no agreement is reached, shall be set by the court."). The plaintiff primarily argues that the court erred in dismissing the action by going outside of the four corners of his complaint and its attachment. We agree with the plaintiff and reverse.

"To rule on a motion to dismiss, a court's gaze is limited to the four corners of the complaint, including the attachments incorporated in it, and all well pleaded allegations are taken as true." *U.S. Project Mgmt., Inc. v. Parc Royale E. Dev., Inc.,* 861 So. 2d 74, 76 (Fla. 4th DCA 2003) (citations and quotation marks omitted). Similarly, on appeal, "[i]n reviewing an order granting a motion to dismiss . . . [an appellate] court may not go beyond the four corners of the complaint and must accept the facts alleged

therein and exhibits attached as true." *Edwards v. Landsman*, 51 So. 3d 1208, 1213 (Fla. 4th DCA 2011) (citation and quotation marks omitted).

Here, the circuit court's order granting the defendant's motion to dismiss the plaintiff's causes of action with prejudice clearly went beyond the four corners of the complaint and its attachment. The order instead relies upon the allegations contained in the defendant's motion to dismiss, the defendant's counterclaim for declaratory judgment, and the exhibit attached to the counterclaim, through which the defendant seeks a finding that it owes no duty to defend or indemnify the plaintiff. By relying on these allegations beyond the four corners of the complaint and its attachment, the circuit court erred. *See Barbado v. Green & Murphy, P.A.*, 758 So. 2d 1173, 1175 (Fla. 4th DCA 2000) (reversing final judgment and remanding with directions to reinstate the plaintiff's cause of action where "it was error for the trial court to consider collateral matters and make a determination of whether [the plaintiff] would ultimately be able to prove her case.").

In an attempt to defend the circuit court's order at oral argument, the defendant primarily relied upon *Rocks v. McLaughlin Engineering Co.*, 49 So. 3d 823 (Fla. 4th DCA 2010). There, we held that "[t]he test for a motion to dismiss under rule 1.140(b)(6) [for failure to state a cause of action] is whether the pleader could prove any set of facts whatever in support of the claim." *Id.* at 826. According to the defendant, that sentence somehow vitiates the longstanding principle that a court may not go beyond the four corners of the complaint and its attachments, and instead opens the door for a court to consider additional factual allegations contained in the motion to dismiss, a counterclaim, and their attachments. The defendant's argument wholly lacks merit. *See Patriotcom, Inc. v. Vega*, 821 So. 2d 1261, 1261 (Fla. 4th DCA 2002) ("It is well settled that it is error for a court to grant a dismissal based upon factual evidence not contained in, and contradictory to, the complaint's allegations."); *Fla. Farm Bureau Gen. Ins. Co. v. Ins. Co. of N. Am.*, 763 So. 2d 429, 432 (Fla. 5th DCA 2000) ("A motion to dismiss should not be used to determine issues of ultimate fact and may not act as a substitute for summary judgment.") (citations and internal quotation marks omitted).

We remand for the circuit court to enter an order denying the defendant's motion to dismiss, as we conclude that the plaintiff's complaint, taken as true, states causes of action for breach of the insurance contract and for defense cost determination under section 627.426(2)(b)3., Florida Statutes (2012). We take no position on whether the plaintiff's causes of action or the defendant's counterclaim have merit.

We also remand for entry of an order granting the plaintiff's motion for defense cost determination under section 627.426(2)(b)3., with the circuit court left only to set the amount of such fee. Such an order shall be without prejudice to the ultimate determination of the merits of the plaintiff's causes of action and the defendant's counterclaim. *See, e.g.*, *Indep. Fire Ins. Co. v. Arvidson*, 604 So. 2d 854, 857 (Fla. 4th DCA 1992) ("The Claims Administration Statute was not intended to create coverage under a liability insurance policy that never provided coverage.") (citation omitted).

*Reversed and remanded for proceedings consistent with this opinion.*

GROSS and TAYLOR, JJ., concur.

\* \* \*

**Not final until disposition of timely filed motion for rehearing.**