DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**JOHN KELLERMAN** and **ROBERT ALLEN,**
Appellants,

v.

**THE BOARD OF TRUSTEES OF THE CITY OF HOLLYWOOD FIREFIGHTERS' PENSION SYSTEM** and **THE CITY OF HOLLYWOOD,**
Appellees.

No. 4D20-2349

[January 5, 2022]

Appeal from the Circuit Court for the Seventeenth Judicial Circuit, Broward County; Jack B. Tuter, Judge; L.T. Case No. 18-27523 CACE (07).

Elliot B. Kula and William D. Mueller of Kula & Associates, P.A., Miami, and Jared A. Levy of Morgan & Morgan, P.A. West Palm Beach, for appellants.

Robert D. Klausner, Adam P. Levinson and Blanca T. Greenwood of Klausner, Kaufman Jensen & Levinson, P.A., Plantation, for appellee Board of Trustees of The City of Hollywood Firefighters' Pension System.

J. Robert McCormack of Ogletree, Deakins, Nash, Smoak & Stewart, P.A., Tampa, for appellee The City of Hollywood.

CIKLIN, J.

John Kellerman and Robert Allen ("the plaintiffs") appeal a final order of dismissal entered in favor of the City of Hollywood ("the City") and the Board of Trustees of the City of Hollywood Firefighters' Pension System ("the Board"). We agree with the plaintiffs' argument the trial court erred by dismissing their complaint based on lack of standing. We reverse and remand for further proceedings.

According to the second amended complaint's allegations and attachments, the plaintiffs were each employed as firefighters for the City for over twenty years and retired in 2002 and 2003, respectively. In 1999, the firefighters' union and the City entered into a collective bargaining agreement ("the 1999 CBA") that contained a supplemental pension

benefit to "current pension recipients" who had been retired or entered into the Deferred Retired Options Program ("DROP") for ten years. In a fiscal year, if the annual investment return on the pension fund's assets exceeded 8%, then eligible recipients would receive a portion of the excess by way of this supplemental pension benefit, which is known as the "13th check." In October 2004, the City passed Ordinance 2004-25, which provided for the 13th check benefit ("the 2004 Ordinance").

In relevant part, the 2004 Ordinance provides:

**Sec. 12.26. Supplemental pension benefit.**

. . . .

4. Eligible recipients for supplemental pension benefit distribution shall be:

A. Current pension recipients who retired or entered into the DROP at least ten (10) years prior to September 30th of the year for which supplemental pension benefits are to be paid.

In 2011, the City passed an ordinance that reduced this benefit, and the plaintiffs brought a class action suit against the City and the Board, asserting various claims for breach of contract, violations of constitutional and statutory law, and declaratory judgment. The Board moved to dismiss the second amended complaint for lack of standing, arguing that a retiree's benefits are fixed to the pension plan in effect at the time he or she retired, the plaintiffs retired in 2002 and 2003, and the 13th check benefit was not codified until the 2004 Ordinance was passed, and, thus, the plaintiffs were not entitled to the 13th check benefit.

The trial court granted the motion to dismiss for lack of standing on the basis that the plaintiffs retired before 2004:

[T]he allegations in the Complaint demonstrate the existence of the affirmative defense of standing, namely that *Plaintiffs retired before the 2004 ordinance that Plaintiffs rely upon in claiming benefits in this case.* The Court finds the Board's argument on standing well-taken and determines that new class representatives shall be appointed in this action.

(Emphasis added.) Certain individual counts were also dismissed on other grounds, but are not challenged on appeal.

2

"This court reviews an order granting a motion to dismiss *de novo*." *Abraham & Assocs., Inc. v. Surrey Holding Corp.*, 939 So. 2d 332, 332 (Fla. 4th DCA 2006). "To rule on a motion to dismiss, a court's gaze is limited to the four corners of the complaint, including the attachments incorporated in it, and all well pleaded allegations are taken as true." *Swerdlin v. Fla. Mun. Ins. Tr.*, 162 So. 3d 96, 97 (Fla. 4th DCA 2014) (citations omitted). "[I]f the face of the complaint contains allegations which demonstrate the existence of an affirmative defense," such as standing, "then such a defense may be considered on a motion to dismiss." *Llano Fin. Grp., LLC v. Yespy*, 228 So. 3d 108, 112 (Fla. 4th DCA 2017) (quoting *Papa John's Int'l, Inc. v. Cosentino*, 916 So. 2d 977, 983 (Fla. 4th DCA 2005)). However, a court may not look to factual allegations or exhibits attached to a motion to dismiss to grant such a motion. *See Swerdlin,* 162 So. 3d at 97-98.

"Standing requires a sufficient interest in the outcome of litigation before the court will consider the matter." *Llano Fin. Grp.*, 228 So. 3d at 112; *see also* Fla. R. Civ. P. 1.210(a) ("All persons having an interest in the subject of the action and in obtaining the relief demanded may join as plaintiffs . . . ."). "A case or controversy exists if a party alleges an actual or legal injury. An actual injury includes an economic injury for which the relief sought will grant redress." *Sosa v. Safeway Premium Fin. Co.*, 73 So. 3d 91, 117 (Fla. 2011) (citations omitted).

The plaintiffs argue on appeal that they are entitled to the 13th check benefit in accordance with the plain language of the 2004 Ordinance. The City and the Board maintain that a retiree's benefits are fixed in accordance with the pension ordinances in effect at the time of his or her retirement, and because the plaintiffs retired before the enactment of the 2004 Ordinance, they are not entitled to the 13th check benefit enacted therein.

Local ordinances such as the 2004 Ordinance "are subject to the same rules of interpretation as are state statutes; a court interpreting local ordinances must first look to the plain and ordinary meaning of the words in the ordinance." *See Town of Longboat Key v. Islandside Prop. Owners Coal., LLC*, 95 So. 3d 1037, 1041 (Fla. 2d DCA 2012). Where a word or phrase is not defined in a statute, a court may "look to the common, ordinary dictionary meaning of the word." *Interlatin Supply, Inc. v. S & M Farm Supply, Inc.*, 654 So. 2d 254, 255 (Fla. 3d DCA 1995). "If the plain and ordinary meaning is clear, then 'other rules of construction and interpretation are unnecessary and unwarranted.'" *Longboat Key*, 95 So. 3d at 1041 (quoting *Rinker Materials Corp. v. City of N. Miami*, 286 So. 2d 552, 554 (Fla. 1973)).

The 13th check provision within the 2004 Ordinance states that "eligible recipients" are "current pension recipients" who have been retired or in DROP for ten years. "Current pension recipients" and "pension" are not defined by the 2004 Ordinance. Accordingly, we look to dictionaries for definitions of those words. Black's Law Dictionary provides several relevant definitions for the word "current," including, "[r]unning; now in transit; present existence; now in progress; whatever is at present in course of passage," and "as applied to current obligations it denotes the obligations then passing or present in its progress, the service rendered and the compensation therefor measured by the time of the occurrence of the event." *Current*, BLACK'S LAW DICTIONARY (6th ed. 1990). In relevant part, "pension" means "[a] regular series of payments made to a person (or the person's representatives or beneficiaries) for past services or some type of meritorious work done; esp., such a series of payments made by the government." *Pension*, BLACK'S LAW DICTIONARY (11th ed. 2019). "Recipient" means "[s]omeone or something that receives." *Recipient*, THE AMERICAN HERITAGE DESK DICTIONARY (1981).

Consistent with these definitions, the plain and ordinary meaning of "current pension recipients" includes people who are receiving payments from the pension fund when the Ordinance was enacted. Thus, under the plain language of the ordinance, the people eligible to receive the 13th check include anyone who was receiving pension payments and who had been retired or in DROP for at least ten years prior to September 30 of the year for which the 13th check is to be paid. In other words, the 13th check provision applied to people who were already retired, and it was not merely a benefit for those who retired on the date the ordinance was passed and later.

The plaintiffs effectively alleged in the complaint that they were current pension recipients. They alleged that they retired in 2002 and 2003, respectively, and that they were current members of the pension system. They further alleged, "Beginning in 2014, for each of fiscal years 2013 through 2018, [the plaintiffs] each received annual supplemental pension benefit checks that were based improperly on the Board's calculations pursuant to the 2011 Ordinance." (Emphasis omitted.) Finally, they alleged that they were injured when their 13th check benefit was reduced because of the wrongful enactment and/or application of 2011 Ordinance.

These allegations, taken as true, in conjunction with the plain language of the 2004 Ordinance attached to the complaint, establish an actual injury. Thus, the plaintiffs sufficiently alleged standing.

4

We reverse and remand for further proceedings.

*Reversed and remanded.*

GROSS and DAMOORGIAN, JJ., concur.

\* \* \*

**Not final until disposition of timely filed motion for rehearing.**