# Third District Court of Appeal
## State of Florida

Opinion filed April 26, 2023.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D21-898
Lower Tribunal No. 20-2073
_____

**Mary Ann James de Holguin,**
Appellant,

vs.

**Camila Holguin Godin, et al.,**
Appellees.

An Appeal from the Circuit Court for Miami-Dade County, Jorge E. Cueto, Judge.

Holland & Knight LLP, and Rodolfo Sorondo, Jr., and Rebecca M. Plasencia, for appellant.

Shutts & Bowen LLP, and Jamie B. Wasserman (Fort Lauderdale), Steven M. Ebner and Julissa Rodriguez, for appellees.

Before MILLER,[1] GORDO and BOKOR, JJ.

PER CURIAM.

_____

[1] Judge Miller did not participate in oral argument.

Mary Ann James de Holguin ("Mary Ann") appeals an order dismissing her objections to the notice of administration of the estate of Rodrigo Ernesto Holguin Lourido ("Decedent"), her deceased husband, and her counter-petition for administration and revocation of probate. Mary Ann also appeals an order denying her motion to preserve an estate asset.

As to the dismissal order, we reverse and remand. It appears that, based on the record before us, no evidence supports a determination that the Key Biscayne Casa del Mar property at issue, which is subject to multiple layers of corporate ownership, would be considered an estate asset.[2] See Wilson v. Wilson, 211 So. 3d 313, 314 (Fla. 3d DCA 2017) ("Because no basis was alleged and no evidence adduced to support disregarding the corporate identity of these entities, we reverse and remand for adjudication of the claims raised by the pleadings below."). Further, Mary Ann has alleged that she may benefit via intestate succession if the will were invalidated. See Herrilka v. Yates, 13 So. 3d 122, 124 (Fla. 4th DCA 2009)

---

[2] The inventory filed by the personal representative for the Decedent's estate includes no reference to the Casa del Mar property. The only potential reference to anything related to the property is a personal property listing in the inventory of Yucao LLC, a Florida limited liability corporation worth over $2.5 million. Yucao, LLC is the parent company (possibly several times removed) of the ultimate holding company that owns the trust that owns the Casa del Mar property. Absent any proper finding disregarding the corporate form, no basis exists to include the Casa del Mar property as an estate asset.

2

(explaining that an heir at law, including a surviving spouse, qualifies as an "interested person"); see also § 731.201(23), Fla. Stat. ("'Interested person' means any person who may reasonably be expected to be affected by the outcome of the particular proceeding involved."). The trial court therefore erred in dismissing Mary Ann's objection and counter-petition with prejudice.

We take no position on the ultimate determination in Colombia, under Colombian law, regarding the validity of the will. But we determine that, at this stage in the proceedings, "'[i]n determining whether to dismiss a complaint for lack of standing, the court must confine its review to the four corners of the complaint, draw all inferences in favor of the pleader, and accept all well-pled allegations in the complaint as true.'" Nat'l Collegiate Student Loan Tr. 2006-4 v. Meyer, 265 So. 3d 715, 718 (Fla. 2d DCA 2019) (quoting Llano Fin. Grp., LLC v. Yespy, 228 So. 3d 108, 111 (Fla. 4th DCA 2017) (additional quotation omitted). "Generally, dismissals with prejudice based upon the affirmative defense of a lack of standing are not proper," unless "the face of the complaint contains allegations which demonstrate the existence of" such affirmative defense. Id. (quotation omitted).

In this case, the trial court erred in going beyond the four corners of the counter-petition and its attachments to determine Mary Ann was without standing to object to the notice of administration and to file a counter-petition.

See LaCalle v. Barquin, 987 So. 2d 1245, 1246 (Fla. 3d DCA 2008) (noting "it is apodictic that matters dehors the four corners of a complaint or petition may not be considered on a motion to dismiss" and holding the trial court erred in dismissing petition to revoke administration of a will by relying upon affidavits attached to motion to dismiss); Howard v. Greenwich Ins. Co., 307 So. 3d 844 (Fla. 3d DCA 2020); Summerlin v. L3 Commc'ns Integrated Sys., LP, 348 So. 3d 673, 677 (Fla. 1st DCA 2022) (holding the trial court erred in when it "circumvented the four corners rule by straying from the complaint, resolving factual issues that were not before it, and relying on a document . . . which was only attached to the motion to dismiss"); Kidwell Grp, LLC v. Am. Integrity Ins. Co. of Fla., 339 So. 3d 1068, 1069 (Fla. 5th DCA 2022) (holding "the trial court may not rely on any documents that are not attached to the complaint when considering a motion to dismiss"); Hewett-Kier Constr., Inc. v. Lemuel Ramos & Assocs., Inc., 775 So. 2d 373, 375–76 (Fla. 4th DCA 2000) (holding trial court erred in dismissing complaint where it relied upon document only attached to motion to dismiss). We remand for reinstatement of Mary Ann's objections and counter-petition and for further proceedings consistent with this opinion.

As for the trial court's denial of the injunctive relief sought by Mary Ann, relative to the property in Miami-Dade County, we affirm. See e.g., B.G.H.

4

<u>Ins. Syndicate, Inc. v. Presidential Fire & Cas. Co.</u>, 549 So. 2d 197, 198 (Fla. 3d DCA 1989) ("Irreparable harm and lack of an inadequate remedy at law are both prerequisites to injunctive relief.").

Affirmed in part, reversed in part, and remanded.